**In re SOUTHWESTERN BELL TELEPHONE COMPANY, American Telephone and Telegraph Company, and C. L. Todd, Petitioners.**

No. 76–2237.

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1976.

Jack Hebdon, Green & Kaufman, Inc., Hubert W. Green, James E. Barden, San Antonio, Tex., Dewey, Ballantine, Bushby, Palmer & Wood, Leonard Joseph, New York City, for petitioners.

Adrian A. Spears, U. S. Dist. Court Chief Judge, Pat Maloney, San Antonio, Tex., for Gravitt.

Before BROWN, Chief Judge, GEWIN, AINSWORTH, GODBOLD, DYER, CLARK, RONEY, GEE, TJOFLAT and HILL, Circuit Judges.*

PER CURIAM:

The court en banc affirms the decision of the panel on the basis of the panel opinion except as follows.

It is starkly revealed to the court en banc that plaintiffs do not make any real contentions of fact. They make no claim that Southwestern is not a Missouri corporation or that its principal place of business is not in Missouri. Their claim is one of law rather than fact. Standing squarely on the estoppel theory advanced by them in the District Court and adopted by that court, they say that Southwestern is barred from asserting the undisputed facts as a basis for federal jurisdiction. For reasons set out in the panel opinion, that proposition of law is erroneous.[1]

With the case thus clarified, it now appears that there is no occasion to direct the District Court to inquire further into the diversity issue.

As modified, the decision of the panel if AFFIRMED. A writ of mandamus will issue directing the District Court to vacate its remand order.

HILL, Circuit Judge, with whom CLARK, Circuit Judge, joins (dissenting):

It has well and truly been said that "Hard cases make bad law."[1] My respected brother on the district court and my

respected brothers comprising the majority of the court today seem to take that statement as a mandate. I view it as a warning. Therefore, I must respectfully dissent.

There is no universal definition of a "hard" case as contemplated by the maxim quoted above. I submit that the court faces a "hard" case whenever the judge of the court has the *power* to order that which he believes to be right and, yet, he does not have the *authority* to issue the order. The restraint then required leaves the wrong result undisturbed.

As presented in the district court, this case qualified as a "hard" case under my suggested definition. The action was commenced in state court against two corporate defendants and an individual. The individual defendant was a citizen of the forum state. On the eve of trial plaintiff's counsel reflected upon his situation. Like Aesop's fabled pup who dropped his bone to grab one seen in reflection, plaintiff discarded his built-in immunity from the "danger" of removal in order to seize the exquisite pleasure of proceeding against only corporate defendants. Before the ripples in the pool made by the dropping of the individual defendant had subsided, plaintiff found his case in the federal district court.

The district judge felt that the case never should have been in his court. It had arrived only through accident. Although ready for trial under state procedures, additional discovery available in the federal court demanded extensive new pretrial activity. Nevertheless, the district judge refused to disregard the law and serve his own yearnings, and he forthrightly declined to order remand of the case absent a valid motion upon valid grounds.[2]

---

* Circuit Judges Wisdom, Thornberry, Coleman, Goldberg and Morgan did not participate in this decision.

1. In their first effort to remand the cases, plaintiffs asserted that the District Court had plenary discretionary power to remand even though statutory requirements for federal jurisdiction were alleged and uncontested. The district judge properly rejected this frivolous proposition. This litigation should not be impeded with any further efforts by the plaintiffs to

avoid federal jurisdiction on insubstantial grounds.

1. *See Metropolitan National Bank of Kansas City v. Campbell Commission Co.,* 77 F. 705, 710 (W.D.Mo.1896).

2. He made it clear that if the plaintiff were to be successful in a motion to remand the case to the state court, the plaintiff would have to demonstrate that federal jurisdiction as contemplated by 28 U.S.C. §§ 1332, 1441 did not

Ultimately, plaintiff filed a motion for remand, asserting that complete diversity of citizenship did not exist between plaintiff on the one hand and defendants on the other. In support, plaintiff presented what appears to have been rather significant evidence. The defendant Southwestern Bell Telephone Company, whose non-Texas citizenship was necessary for complete diversity, had theretofore filed a sworn pleading in a Texas state proceeding asserting that it was a Texas corporation and resident of Dallas. The district court decided the issue on a motion to remand based upon the evidence before him. The sworn statement by the corporate defendant was before the court. The court declined to hear contrary evidence from the defendant, citing the common law doctrine of judicial estoppel. Based, therefore, upon the evidence before the court, and limited to the evidence which the court was willing to accept, the district judge held that complete diversity of citizenship was lacking and the case had been "improperly removed" and ordered it remanded to the state court.[3]

This mandamus action by the defendant followed.

In this court the case again meets my suggested test for a "hard" case. The district court had, it was felt, dealt rather harshly with the contentions of the defendant and his invocation of judicial estoppel seemed overdone for even such a time-honored principle. It appeared that the issue had been decided incorrectly. This court has sufficient power under our system to order that the result be changed. Yet, I submit, this court does not have the authority to issue such an order.

The Congress is empowered to define the jurisdiction of our court.[4] In its exercise of that constitutional power, it has declared

that this court may not review an order of remand. Title 28 U.S.C.A. § 1447(d) provides, in pertinent part:

> "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, . . ."

The unique case of *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) is no authority for the review of the remand order in this case. As I view it, the Supreme Court in *Thermtron* defined only one boundary to the prohibition of review by the circuit courts. It held that § 1447(d) must be read in conjunction with 28 U.S.C. § 1447(c) which provides:

> "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs."

The facts present in *Thermtron* were unprecedented. The trial judge had held that the case was *properly* removed and that it was *within* the jurisdiction of the district court. He specifically did *not* find that the case "was removed improvidently and without jurisdiction". He nevertheless ordered the case remanded to the state court because, among other reasons, he felt that the docket in the district court was overcrowded. The Supreme Court did not hold that a finding of a district court that a case had been removed improvidently and without jurisdiction was subject to review. It merely held that a district court has no authority in the law to order a remand other than pursuant to a finding that the case had been removed improvidently and without jurisdiction. The district court is limited in its authority to order remand just as the

exist. *See Gravitt v. Southwestern Bell Telephone Co.,* 396 F.Supp. 948 (W.D.Tex.1975).

3. The only issue presented to the district court on the motion to remand was whether complete diversity of citizenship existed between the parties. Since he answered this question in the negative, the district court was compelled to the conclusion that he was "without jurisdic-

tion." The original panel opinion in this court correctly assumed that the remand was ordered on the basis that the case was removed "improvidently and without jurisdiction." *In re Southwestern Bell Telephone Co.,* 535 F.2d 859 (5th Cir.1976).

4. U.S.Const. Art. III, § 1.

circuit court is limited in its authority to review. It may only order remand pursuant to § 1447(c). In *Thermtron* the court said:

> "It is unquestioned in this case and conceded by petitioners that this section [1447(d)] prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not and whether review is sought by appeal or by extraordinary writ. . . . If a trial judge purports to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is not subject to challenge in the Court of Appeals by appeal, by mandamus or otherwise." 423 U.S. at 343, 96 S.Ct. at 589.

It is perfectly clear that, regardless of the merits of the trial court's determination, the trial judge in this case ordered the remand pursuant to § 1447(c).

If anything is clear from *Thermtron* it seems to be that the *only* question properly before a circuit court in such a case is whether or not the district court ordered the remand pursuant to § 1447(c). Yet, the majority today approves a further question posed by the panel opinion in this case.

> ". . . May a district court utilize the doctrine of judicial estoppel as the basis for holding that a case was removed 'improvidently and without jurisdiction' within the meaning of § 1447(c)?"

Thus, having crossed over the Jordan on the narrow bridge seen to have been constructed by the Supreme Court in *Thermtron*, the narrow pathway has been abandoned and we spread out all over the Promised Land! The court has, though not authorized by Congress, reviewed an order remanding a case to the state court from which it was removed.

The fact that this is a full and complete review of an order of remand is best illustrated by the extent to which the majority alters the decision of our court's panel. The panel had recognized the finality of a district court's order in a case such as this by directing that the district court abandon its basis for the disapproved finding but yet hold further hearings to determine if the

case had been removed improvidently and without jurisdiction. Today, the majority conclude that no such further hearings are necessary. They have reviewed the matter upon evidence presumably taken before us at the *en banc* oral arguments, and announced their findings of fact, conclusions of law, and order on the motion to remand.

It is a hard case but that is bad law.

Whether it be warning or mandate, it is clear that the statement "Hard cases make bad law" is, indeed, prophecy. Thus, respectfully, I dissent.