Howard BREGMAN and Paul E. Shapiro, Plaintiffs/Counter–Defendants–Appellees,

v.

Mark L. ALDERMAN, Steven A. Albittier, Sherry E. Baskin, W. Thomas Berriman, Robert L. Blacksberg, Sandra A. Bloch, Arthur Block, Robert McL. Boote, Jeffrey L. Braff, George M. Brantz, Leonard J. Bucki, Michael A. Budin, James S. Burns, Bernard Chanin, Louis Coffey, Daniel C. Cohen, Dennis L. Cohen, Leonard J. Cooper, Alan J. Davis, Michael M. Dean, David M. Doret, Alvin H. Dorsky, Lowell H. Dubrow, Herman C. Fala, Albert J. Feldman, H. Robert Fiebach, Joseph S. Finkelstein, Brian P. Flaherty, Robert I. Friedman, Thomas J. Gallagher, Philip E. Garber, Elliot S. Gerson, Henry A. Gladstone, Ronald B. Glazer, Edward M. Glickman, David R. Glyn, Mark E. Gold, Jay L. Goldberg, M. Norman Goldberger, Robert M. Goldich, Stephen M. Goodman, Gerald Gornish, William J. Green, Bruce Grohsgal, Ragan A. Henry, David N. Hofstein, Matthew H. Kamens, Harold Jacobs, Donald K. Joseph, Alan S. Kaplinsky, Bruce S. Katcher, David J. Kaufman, Mark K. Kessler, Steven B. King, Marvin Kras-

ny, Barry M. Klayman, Charles G. Kopp, Bernard Lee, Roberta D. Liebenberg, Ivan I. Light, Gregory T. Magarity, Elizabeth H. Mai, Joseph M. Manko, Gerald J. McConomy, Robert M. McNair, Jr., Henry F. Miller, Donald M. Millinger, Anthony S. Minisi, Alan H. Molod, William J. Morehouse, Charles C. Murphy, Stanton S. Oswald, Robert C. Podwil, Franklin Poul, Daniel Promislo, James R. Redeker, Allan H. Rueben, E. Gerald Riesenbach, John S. Roberts, Jr., Jeremy T. Rosenblum, James A. Rosenstein, William A. Rosoff, Burt M. Rublin, Joseph A. Ryan, Jeffrey S. Saltz, Carl W. Schneider, Barry F. Schwartz, Jeffrey B. Schwartz, Robert M. Segal, Jason S. Shargel, Michael M. Sherman, Henry L. Shrager, Marc M. Silbert, David F. Simon, Franklin H. Spitzer, Ian A.L. Strogatz, Michael L. Temin, Robert E. Wachs, Kenneth J. Warren, Stewart M. Weintraub, Judith Widman, Ronald M. Wiener, Thomas P. Witt, Arthur A. Zatz, Wolf, Block, Schoor and Solis–Cohen, Defendants/Counter–Plaintiffs, Third–Party Plaintiffs–Appellants.

v.

Leonard J. ADLER, Kenneth G. Spillias, David M. Layman, Third–Party Defendants–Appellees.

In Re Mark L. ALDERMAN, et al., Petitioners.

Nos. 91–6052, 92–4001.

United States Court of Appeals, Eleventh Circuit.

Feb. 20, 1992.

Harry A. Payton, Miami, Fla., Ian A.L. Strogatz, Wolf, Block, Schorr and Solis–Cohen, Patrick Matusky, Philadelphia, Pa., for appellants.

Larry Klein, Klein & Walsh, P.A., West Palm Beach, Fla., for appellees.

Kenneth G. Spillias, pro se.

Before FAY, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

In this case, appellant-defendants (hereinafter "defendants") move for an emergency stay, pursuant to Fed.R.App.P. 8 and 27, of a remand order entered by the district court on October 28, 1991. Defendants have a petition for mandamus and an appeal pending before this court. The com-

mon issue is whether this court can review the district court's order remanding the case to state court, despite the prohibition on review contained in 28 U.S.C. § 1447(d). Because we hold that we cannot review the order in this case, we deny the emergency motion to stay the remand order, dismiss the appeal, and deny the petition for mandamus.

## PROCEDURAL HISTORY

This equitable accounting action was initially filed in Florida state court. The defendants sought removal because of alleged diversity of citizenship between the parties. Following removal, this case was pending in federal court for more than two and one-half years, during which time there had been more than seventeen orders including orders striking pleadings and affirmative defenses, dismissing claims, granting amendments, ruling on protective orders, consolidating cases and denying plaintiffs' motion for summary judgment. On October 28, 1991, the district court, acting *sua sponte*, entered an order remanding the case to state court. On November 28, 1991, defendants filed a timely notice of appeal, Case No. 91–6052, seeking review of the remand order. On December 4, 1991, plaintiffs moved to dismiss the appeal.[1] On January 3, 1992, defendants filed a petition for writ of mandamus, Case No. 92–4001, seeking review of the remand order pursuant to 28 U.S.C. § 1651. On January 22, 1992, this court entered an order consolidating the appeal and mandamus petition because both actions raise the same issue.

On February 11, 1992, defendants brought an emergency motion for a stay of the remand order pending the disposition of their appeal and mandamus petition. Defendants sought this stay because, while the appeal and mandamus were pending in this court, plaintiffs and a third-party defendant have sought to expedite the proceedings in the state court. A hearing on a motion for summary judgment is scheduled in state court on February 19, 1992. Pending before this court is plaintiffs' motion to dismiss the appeal, defendants' petition for writ of mandamus, and defendants' emergency motion to stay.

## DISCUSSION

■ The only issue before this court is whether we can review the district court's remand order. Title 28 U.S.C. § 1447(d) generally forbids review of remand orders by providing that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Before 1976, all remand orders were unreviewable by appellate courts. *See Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976); *see also* Herrmann, *Thermtron Revisited: When and How Federal Trial Court Remand Orders are Reviewable*, 19 Ariz.St.L.J. 395 (1987). In *Thermtron*, however, the Supreme Court created a narrow exception to nonreviewability. There the district court remanded because of its overcrowded docket. The Supreme Court permitted review because the district court had remanded on grounds not contained in the controlling statute, 28 U.S.C. § 1447(c). At the time of the *Thermtron* decision, § 1447(c) provided in relevant part:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

The Court held that § 1447(c) and § 1447(d) are to be read *in pari materia*. Thus, the bar on review contained in § 1447(d) applies only to those grounds contained in § 1447(c), i.e., when a case is removed either "improvidently" or "without jurisdiction."

Since the decision in *Thermtron*, Congress in 1988 has amended § 1447(c) to provide in relevant part:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judg-

---

ment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

In this case, defendants rely on *Thermtron* and the new statutory language to urge this court to review the district court's remand order. Defendants argue that the 1988 amendment to § 1447(c) narrows the grounds for remand contained in the statute with respect to defects in removal procedure and, therefore, broadens an appellate court's authority to review remand orders based on defects in removal procedure. Defendants characterize the remand in this case as one involving a defect in removal procedure. In defendants' view, the district court remanded not because it had made a finding that it actually lacked subject matter jurisdiction but because the district court concluded that the plaintiffs' complaint did not plead adequately the existence of diversity of citizenship. The defendants argue that the district court completely ignored the notice of removal filed by them and, in essence, announced a new rule of removal procedure that plaintiffs have the burden of establishing diversity of citizenship for purposes of establishing federal jurisdiction.

Defendants' depiction of the remand order as involving a defect in removal procedure is essential to their argument that this court has the authority to review the order. According to § 1447(c), a motion to remand based on a defect in removal procedure must be made within thirty days following removal. In this case, defendants argue that the district court remanded based on a defect in removal procedure 911 days after the expiration of the thirty-day time period contemplated by § 1447(c).

Defendants rely principally on the following cases to support their argument: *In re Shell Oil Co.*, 932 F.2d 1518 (5th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992) (*"Shell Oil I"*), *In re Shell Oil Co.*, 932 F.2d 1523 (5th Cir. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992) (*"Shell Oil*

*II "*); and *Air Shields, Inc. v. Fullam*, 891 F.2d 63 (3rd Cir.1989). These cases are inapposite. For example, in *Shell Oil I*, the issue did concern a defect in removal procedure. Defendants had removed pursuant to § 1441(b); however, two of the defendants were citizens of the forum state. While the district court still had subject matter jurisdiction because there was complete diversity between the parties, *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), this removal violated § 1441(b) which provides that a diversity action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Moreover, plaintiffs had moved to remand more than thirty days following the removal in violation of § 1447(c). The Fifth Circuit held that § 1447(d) did not bar review of the ensuing remand order which was based on § 1441(b) and an untimely motion to remand. The court emphasized, however, that "we limit our holding to cases in which the remand motions were not timely, and in which the remand orders were not based on lack of subject matter jurisdiction." *Shell Oil II*, 932 F.2d at 1526 n. 4.

In this case, we reject the defendants' argument that the district court based the remand order on a defect in the removal procedures.[2] Rather, we conclude that the remand order was based on a lack of subject matter jurisdiction.

■ We believe that this case is most closely analogous to *Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam). In *Gravitt*, plaintiffs, some of whom were citizens of Texas, initially filed an action in Texas state court. After the plaintiffs dropped all claims against the only defendant alleged to be a citizen of Texas, the defendants removed on the basis of diversity jurisdiction because complete diversity now existed. *See* 28 U.S.C. § 1332, § 1441. Some time later, the plaintiffs moved to

---

2. Because this case does not involve a defect in removal procedure, we express no opinion as to whether this court would adopt the reasoning employed by the Third and Fifth Circuits in such a case.

remand, arguing that, under the doctrine of judicial estoppel,[3] one of the defendants was estopped to allege that it was not a domiciliary of Texas. Apparently, in an earlier unrelated case, the same defendant had stated under oath that it was a domiciliary of Texas. The district court granted plaintiffs' motion to remand, relying on the doctrine of judicial estoppel. *Gravitt v. Southwestern Bell Tel. Co.,* 416 F.Supp. 830, 831-2 (W.D.Tex.1976).

The Fifth Circuit reviewed the district court's remand order, holding that the doctrine of judicial estoppel is not contemplated by § 1447(c) and that, therefore, review was not prohibited. *In re Southwestern Bell Telephone Co.,* 535 F.2d 859 (5th Cir.1976). The panel noted that the district court did not actually find that the defendant was a domiciliary of Texas but instead relied exclusively on the doctrine of judicial estoppel to grant the remand.[4] The appellate panel stated that the doctrine of judicial estoppel cannot be invoked to defeat a defendant's statutory right to a federal forum. Instead, a district court must examine the facts underlying an assertion of diversity jurisdiction. The panel, therefore, issued a writ of mandamus, ordering the district court to "make a suitable inquiry into the question of whether the parties are truly diverse." 535 F.2d at 861. Sitting *en banc,* the Fifth Circuit reinstated the ruling of the panel opinion, thus vacating the remand order, noting that the doctrine of judicial estoppel relied on by the district court is a "proposition of law [which] is erroneous." *In re Southwestern Bell Tel. Co.,* 542 F.2d 297, 298 (5th Cir.1976) (en banc).

The Supreme Court reversed the Fifth Circuit decision which vacated the district court's remand order. *Gravitt v. Southwestern Bell Tel. Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam).

While the Fifth Circuit had been concerned about the applicability of judicial estoppel, the Supreme Court's opinion did not mention the doctrine. The Court stated that "[t]he District Court's remand order was plainly within the bounds of § 1447(c) and hence was unreviewable by the Court of Appeals, by mandamus or otherwise." 430 U.S. at 723, 97 S.Ct. at 1440. The Court reiterated that the appellate court erred in permitting review of a district court remand order that "employed erroneous principles in concluding that it was without jurisdiction." *Id.*

The defendants in this case urge this court to review for essentially the same reason, i.e., that the district court employed erroneous principles in concluding that it did not have jurisdiction over the matter. In this case, the district court remanded because it determined, whether correctly or incorrectly, that it did not have subject matter jurisdiction. The court concluded that it did not have jurisdiction to adjudicate the case because diversity was not apparent from the face of the pleadings. While the court did not make an actual finding regarding whether diversity, in fact, existed, it is clear from the remand order that the court believed that this failure of the pleadings to allege the citizenship of the parties translated into a lack of subject matter jurisdiction. As the district court stated: "[The failure to allege the citizenship of the plaintiffs and the defendants in the state court complaint] compels this Court to remand this matter, as this Court is not *empowered* to adjudicate claims where jurisdiction is not apparent at the time the Complaint is filed." District Court Remand Order, October 28, 1991, at 2 (emphasis added). The district court expressly relied on the subject matter jurisdiction ground for remand in § 1447(c): "The Court notes that pursuant to 28 U.S.C. § 1447(c), this Court may, *sua sponte,* review this matter, 'If at any time

---

**3.** Judicial estoppel is a doctrine whereby a party is estopped from asserting a proposition in the present proceeding "merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath" an allegation to the contrary. *Long v. Knox,* 155 Tex. 581, 291 S.W.2d 292 (1956). The doctrine is applicable despite the fact that the party asserting it was not involved in the earlier proceeding.

**4.** In fact, the dissent to the *en banc* decision had stated that the district court had "declined to hear contrary evidence from the defendant." *In re Southwestern Bell Tel. Co.,* 542 F.2d 297 (5th Cir.1976) (en banc) (Hill, J., dissenting).

before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.' " *Id.* at 4. Thus, the district court indicated that it regarded the basis of its order to remand as a lack of subject matter jurisdiction rather than a defect in removal procedure.

The district court in this case concluded that it lacked subject matter jurisdiction and, thus, remanded the case to state court. As in *Gravitt*, the district court's conclusion may well have been mistaken and clearly was made without a finding as to diversity of citizenship in fact. However, the Supreme Court in *Gravitt* made it clear that § 1447(d) bars review of such a remand order even though the district court may have "employed erroneous principles in concluding that it was without jurisdiction." 430 U.S. at 723, 97 S.Ct. at 1440. As the Court stated in *Thermtron*, "[§ 1447(d) ] prohibits review of all remand orders issued pursuant to § 1447(c) *whether erroneous or not* and whether review is sought by appeal or by [mandamus]." 423 U.S. at 343, 96 S.Ct. at 589 (emphasis added).

For the foregoing reasons, we conclude that the remand order in this case was based upon lack of subject matter jurisdiction, was thus within the bounds of § 1447(c), and, therefore, review is barred by § 1447(d). Accordingly, the emergency motion to stay is DENIED, the petition for writ of mandamus is DENIED, and the appeal is DISMISSED.