**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 93-1179

_____

IN RE ALLSTATE INSURANCE COMPANY,

                                        Petitioner,

_____

Petition for Writ of Mandamus
to the United States District Court
for the Northern District of Texas
_____
(November 16, 1993)

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

This petition for writ of mandamus presents an issue of first impression in the circuit courts, and one we expressly reserved in FDIC v. Loyd, 955 F.2d 316, 321 n.4 (5th Cir. 1992), to wit: whether the federal removal statute, 28 U.S.C. § 1441 et seq., permits a district court to remand a case sua sponte for a "defect in removal procedure" where the remand occurs within the thirty-day period allowed by § 1447(c) for motions to remand. We conclude that the 1988 amendments to § 1447(c) divested the district courts of any such discretion.

I.

Oran Washburn filed suit in Texas state court on October 5, 1992, against Allstate Insurance Company ("Allstate") for breach of contract arising from his uninsured/underinsured motorist insurance

policy. Although the original petition did not allege more than $50,000 in damages, Washburn's amended petition, which added several statutory causes of action, alleged a breach of the duty of good faith and fair dealing, and sought punitive damages, would, if he were successful, entitle him to recover greater than the $50,000 jurisdictional minimum needed to support diversity jurisdiction.

On December 30, 1992, Allstate filed its notice of removal in the United States District Court for the Northern District of Texas. The same day, the district court entered its order of remand, citing as its reason Allstate's failure adequately to allege Washburn's residence at the time the state petition was filed.[1] Allstate now seeks a writ of mandamus to vacate the order of remand.

## II.

We first address whether we have jurisdiction to review the district court's order. Our authority to review a remand order is severely circumscribed by 28 U.S.C. § 1447(d), which provides, in pertinent part, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."[2] Despite the broad sweep of the statute, the

---

[1] Because the district court mistakenly ordered the cause remanded to the 18th Judicial District Court of Dallas County, Texas, an amended order was entered on January 8, 1993, remanding to the point of origin, the 18th Judicial District Court of Johnson County.

[2] Section 1447(d) allows an exception to its general rule of unreviewability for certain civil rights actions. Obviously, that exception is inapplicable here.

2

Court in Thermtron Prods. v. Hermansdorfer, 423 U.S. 336, 345-46 (1976), limited its purview by holding that "only remand orders issued under § 1447(c) and invoking the grounds specified therein . . . are immune from review under § 1447(d)." The Court concluded that mandamus is an appropriate remedy "where the district court has refused to adjudicate a case, and has remanded it on grounds not authorized by the removal statutes." Id. at 353.

We may review a remand order on petition for writ of mandamus, therefore, provided that it was entered on grounds not authorized by § 1447(c). As we explain in greater detail below, the district court acted without statutory authority when it sua sponte remanded the case on procedural grounds. Consequently, § 1447(d) poses no bar to our review.


III.

As amended by the Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, 102 Stat. 4644, 4670, § 1447(c) states, in pertinent part,

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(d) (Supp. 1993). In the recent cases of In re Shell Oil Co., 932 F.2d 1518, 1519 (5th Cir. 1991), cert. denied, 112 S. Ct. 914 (1992), and Loyd, we granted the petitions for writs of mandamus and directed the district courts to vacate their remand orders, respectively, where the court had granted a motion to

3

remand for a defect in removal procedure made outside § 1447(c)'s thirty-day limit, and where the court <u>sua sponte</u> had entered an untimely order on the same ground.[3]

Here, the district court remanded on the same day Allstate filed its notice of removal, explaining that "[Allstate] has failed to adequately plead Plaintiff's residence at the time of filing of the original petition.  Thus, [Allstate] has failed to properly remove this case, and this case must be remanded."  Plainly, the district court's order was nothing if not timely; the question that concerns us is whether it was made in response to a defect in removal procedure, and, if so, whether § 1447(c) authorizes a court's <u>sua sponte</u> remand on such grounds.

Although it is "well settled that a removing party must allege diversity both at the time of the filing of the suit in state court and at the time of removal," <u>Schwinn Bicycle Co. v. Brown</u>, 535 F. Supp. 486, 487 (W.D. Ark. 1982); <u>Hubbard v. Tripp</u>, 611 F. Supp. 895, 896 (E.D. Va. 1985), a "procedural defect" within the meaning of § 1447(c) refers to "any defect that does not go to the question of whether the case originally could have been brought in federal district court . . . ." <u>Baris v. Sulpicio Lines</u>, 932 F.2d 1540, 1544 (5th Cir.), <u>cert. denied</u>, 112 S. Ct. 430 (1991); <u>see also</u> <u>Shell</u>, 932 F.2d at 1522 ("`[A]ny defect in removal procedure' includes all non-jurisdictional defects existing at the time of removal.").  By this standard, Allstate's failure to allege, in its

---

[3] <u>Cf.</u> <u>In re Medscope Marine Ltd.</u>, 972 F.2d 107, 110 (5th Cir. 1992) (<u>timely</u> remand motions premised on a defect in removal procedure are unreviewable under § 1447(d)).

4

notice of removal, the plaintiff's citizenship at the time the original petition was filed constitutes a procedural, rather than jurisdictional, defect; although Allstate failed conclusively to <u>demonstrate</u> diversity, the record discloses no dispute that it in fact <u>existed</u>.[4]

Thus, we are faced squarely with the question left undecided in <u>Loyd</u>: whether § 1447(c)'s use of the word "motion" refers exclusively to motions made by parties or includes <u>sua sponte</u> remands. In <u>Loyd</u>, the district court concluded that the state court defendants had removed untimely, and it remanded <u>sua sponte</u> after twenty-one months had elapsed since the date of removal. On petition for writ of mandamus, we rejected the district court's contention (i) that § 1447(c)'s thirty-day limit for filing remand motions did not constrain the district court, and (ii) that the court possessed inherent authority to remand <u>sua sponte</u> for procedural defects even after the time limit had passed. <u>See</u> <u>Loyd</u>, 955 F.2d at 318.

---

[4] Because we base our decision on other grounds, we merely note that plaintiff Washburn's original petition, enclosed by Allstate with its notice of removal, averred that Washburn was then a resident of Tarrant County, Texas. Not only the plaintiff's complaint but also the record as a whole may be considered in determining the propriety of removal. <u>Villarreal v. Brown Express</u>, 529 F.2d 1219, 1221 (5th Cir. 1976); <u>Kerbow v. Kerbow</u>, 421 F. Supp. 1253, 1258 (N.D. Tex. 1976). While such an averment as to <u>residency</u>, of course, is not conclusive proof of <u>citizenship</u>, <u>see, e.g.</u>, <u>Nadler v. American Motors Sales Corp.</u>, 764 F.2d 409, 412-13 (5th Cir. 1985), any qualms the district court may have had concerning the distinction between the two are best addressed by allowing Allstate to amend the removal petition to cure the defect under 28 U.S.C. § 1653. <u>See</u> <u>D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.</u>, 608 F.2d 145, 146-47 (5th Cir. 1979) (missing allegation of citizenship in notice of removal not fatal but may be cured by amendment), <u>cert. denied</u>, 449 U.S. 830 (1980); 14A Charles A. Wright, et al., Federal Practice and Procedure § 3739, at 575-76 (2d ed. 1985) ("Irregularities or defects in the removal procedure . . . ordinarily do not provide grounds for remand. They may be cured by amendment in the federal court.").

5

Finding use of the word "motion" inconclusive as to whether it includes <u>sua sponte</u> actions, the <u>Loyd</u> panel reasoned, from the caselaw and the legislative history of the 1988 amendments, that the district court had no authority to remand on its own motion after the expiration of the thirty-day limit.  The court expressly reserved the question whether § 1447(c) authorizes a court to remand <u>sua sponte</u> <u>within</u> the thirty-day limit.  <u>See</u> <u>Loyd</u>, 955 F.2d at 321 n.4.[5]

Prior to the 1988 amendments to § 1447(c), a court undoubtedly possessed the power to remand <u>sua sponte</u> "[i]f at any time before final judgment it appear[ed] that the case was removed improvidently and without jurisdiction . . . ."  28 U.S.C. § 1447(c) (1973) (repealed 1988).  Respondent Washburn points to our statement in <u>Medscope Marine</u>, 972 F.2d at 109-10, that the amended statute "is a mere reconstitution of the existing statute and jurisprudence, with the addition of a strict time limitation on the privilege of filing remand motions," to advance his argument that the court still may remand <u>sua sponte</u>.[6]  While we acknowledge

_____

[5] Two other circuit courts have addressed the issue resolved in <u>Loyd</u> and have reached similar conclusions.  It bears noting, too, that each case reserved the same question as did <u>Loyd</u>.  <u>See</u> <u>Maniar v. FDIC</u>, 979 F.2d 782, 785-86 (9th Cir. 1992); <u>Air-Shields, Inc. v. Fullam</u>, 891 F.2d 63, 65 (3d Cir. 1989).  <u>See also</u> <u>Notations, Inc. v. Tongkook Am.</u>, No. 92 Civ. 4850 (JSM), 1992 U.S. Dist. LEXIS 19240, at *6 (S.D.N.Y. Dec. 15, 1992) (same).  <u>But cf.</u> <u>Averdick v. Republic Fin. Servs.</u>, 803 F. Supp. 37, 41-43 (E.D. Ky. 1992) (rejecting holdings in <u>Fullam</u> and <u>Loyd</u> and adopting instead the reasoning of the vacated district court opinion in <u>FDIC v. Loyd</u>, 744 F. Supp. 126 (N.D. Tex. 1990)).

[6] While respondent Washburn's point )) that the prior statute permitted <u>sua sponte</u> remands for procedural defects and the 1988 amendment intended no change in this regard )) is well taken, we cannot agree that the caselaw was well settled that a court possessed such power under former § 1447(c).  The statute was phrased in the conjunctive; the court could remand provided that
(continued...)

the thrust of <u>Medscope</u>'s reading, we find it more than balanced in this regard by the dictum in <u>Ziegler v. Champion Mortgage Co.</u>, 913 F.2d 228, 230 (5th Cir. 1990), which states that

> considering a motion to remand is both procedurally and substantively different from inquiring into the existence of subject matter jurisdiction. <u>Procedurally, a court may consider remand only if the parties raise the issue</u>; conversely, a court must consider the existence of subject matter jurisdiction on its own motion.

(Emphasis added.)  <u>See also</u> <u>Loyd</u>, 955 F.2d at 323 (incorporating <u>Ziegler</u>'s dictum into its holding).

Beginning, as we must, with the language of the statute, we note that the phrase, "[a] motion to remand the case . . . must be made," implies that only a party to the case may initiate it.[7]

---

[6](...continued)
the case was removed <u>both</u> improvidently <u>and</u> without jurisdiction.  <u>See also</u> 14A W<span style="font-variant:small-caps">right et al.</span>, <u>supra</u> note 4, § 3739, at 575-76 ("Irregularities or defects in the removal procedure . . . ordinarily do not provide grounds for remand.").

Moreover, two cases cited by Washburn are distinguishable.  Although <u>Smith v. City of Picayune</u>, 795 F.2d 482, 484 (5th Cir. 1986), states that a court "may, on its own motion, consider the correctness of the grounds for removal," that case merely restated the pre-amendment standard and upheld the retention of the case by the district court, despite the non-existence of <u>removal</u> jurisdiction, where the court had <u>subject matter jurisdiction</u> at the time of judgment.  <u>Id.</u> at 485.  In <u>Schwinn Bicycle Co. v. Brown</u>, 535 F. Supp. 486, 487 (W.D. Ark. 1982), the court noted that the removal petition was defective, but the basis for remand was the lack of removal jurisdiction owing to the defendant's alleged status as a citizen of the forum state.

Also, the <u>Loyd</u> court cited, in addition to <u>Smith</u>, <u>London v. United States Fire Ins. Co.</u>, 531 F.2d 257, 260 (5th Cir. 1976), as authority for the proposition that a court may <u>sua sponte</u> remand on procedural grounds.  But <u>London</u> simply let stand a district court's ruling, apparently in response to a motion <u>by the parties</u>, remanding following an untimely petition for removal, despite the conceded existence of subject matter jurisdiction.  The primary basis for the affirmance was in fact the improper avenue of review pursued by the defendant, who challenged the district court's ruling by direct appeal pursuant to 28 U.S.C. § 1291, and not, as <u>Thermtron</u> directs, by petition for writ of mandamus.  <u>Id.</u> at 259.

[7] Interestingly, the district court's parsing of the statute in the vacated <u>Loyd</u> opinion resulted in the same conclusion: "Given the predominant use of the phrase `own initiative' in the federal civil procedural rules, the term `motion' in § 1447(c) likely means only a request presented by a party."

(continued...)

7

Respondent's argument that "[t]he court's power to monitor its cases for defects is inherent in its authority" fails to recognize that <u>Loyd</u> implicitly rejected the district court's related argument that its inherent authority to remand <u>sua sponte</u> (even outside the thirty-day limit) had survived the 1988 amendments. <u>Loyd</u>, 955 F.2d at 318. Our reading of <u>Loyd</u> leaves no room for inherent authority; either the statute confers upon the court power to remand on its own initiative, or the court has no such power.

Given <u>Thermtron</u> and <u>Loyd</u>, moreover, we are persuaded that the better reading precludes the existence of discretion in the district court to remand for procedural defects on its own motion. Section 1447(c)'s second sentence assigns to the court concern for its jurisdictional prerequisites; the first consigns procedural formalities to the care of the parties. We believe this to be a wise and warranted distribution.

Where a removed plaintiff, by its inaction, has acquiesced in federal jurisdiction, for example, it hardly will do for the court <u>sua sponte</u> to interfere with the parties' apparent choice of forum. In such circumstances, where subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653, we can surmise no valid reason for the court to decline the exercise

---

[7](...continued)
<u>Loyd</u>, 744 F. Supp. at 131. <u>See also</u> <u>Notations, Inc.</u>, 1992 U.S. Dist. LEXIS 19240, at *6 ("Certainly the wording of § 1447(c) does not appear to permit the exercise of discretion in remanding for defects in removal procedure, and courts in this Circuit have so considered it in passing."). <u>But cf.</u> <u>Loyd</u>, 955 F.2d at 321 ("[W]e find that the word `motion' is not dispositive of whether <u>sua sponte</u> remands are subject to the thirty-day limit.").

8

of jurisdiction.[8]  Congressional intent seems to sanction such a result, for as the legislative history of the 1988 amendments states,

> [s]o long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuffling a case between two courts that each have subject matter jurisdiction.

H.R. REP. No. 889, 100th Cong., 2d Sess. 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6033.  See also Loyd, 955 F.2d at 323 ("Because there was subject matter jurisdiction, the district court had no valid interest in remanding the case under § 1447(c).").

As we can discern no basis, in either the language of the amended statute or in policy, for conferring upon the district courts discretion sua sponte to remand for purely procedural defects, we conclude that we have jurisdiction to review the court's remand order and, accordingly, the petition for writ of mandamus is GRANTED.


HIGGINBOTHAM, Circuit Judge, dissenting:


The majority opinion expands our power to review remand orders, contrary to the will of Congress in section 1447(c) and of

---

[8] In Thermtron, for example, the district court remanded on the ground that the crowded state of its docket would deprive the plaintiffs of a speedy resolution of their claim.  The Court refused to accept this pragmatic consideration as a legitimate basis for declining jurisdiction, stating, "But we are not convinced that Congress ever intended to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute."  Thermtron, 423 U.S. at 351.

the Supreme Court in Thermtron Products.  In so doing it fails to abide by controlling precedent of this circuit and creates a split with another circuit.  I must respectfully dissent.

I

This circuit reviews remand orders only if the district court "affirmatively states a non-1447(c) ground for remand."  Soley v. First Nat'l Bank of Commerce, 923 F.2d 406, 408 (5th Cir. 1991); In re Weaver, 610 F.2d 335, 337 (5th Cir. 1980); In re Merrimack Mut. Fire Ins. Co., 587 F.2d 642, 647 (5th Cir. 1978).  It does so because Thermtron limits review to the "extreme situation" where a judge has "clearly not relied upon § 1447(c)."  Weaver, 610 F.2d at 337.  This order simply does not create an extreme situation.

Correct or not, the district judge decided subject matter jurisdiction.  Section 1446, like Federal Rule of Civil Procedure 8(a), requires a "short and plain statement" of the grounds for jurisdiction.  See H.R. Rep. No. 100-889, 100th Cong., 2d Sess., reprinted in 1988 U.S.C.C.A.N. 5982, 6032; Charles A. Wright et al., 14A Federal Practice and Procedure § 3733 (Supp. 1993).  Pleading residency instead of citizenship fails to meet that requirement.  Nadler v. American Motors Sales Corp., 764 F.2d 409, 413 (5th Cir. 1985).  The judge recognized that failure and remanded, basing his decision solely on the inadequacy of the jurisdictional pleadings.  No matter how faulty we consider his reasoning or how inaccurate we consider his result, we cannot review such a remand order.  Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976) (section 1447(d) prohibits

review of remand orders issued under 1447(c) "whether erroneous or not").

                                    II

Two arguments can be made that such a remand is not "jurisdictional" but rather is "procedural." The first is that jurisdiction "exists" independently of the allegations in the notice of removal, and a jurisdictional remand is present only when the trial judge undertakes a review of the entire record to determine that "existence."

This argument is not persuasive because the jurisdictional nature of a remand order should not hinge on the depth of the judge's inquiry into jurisdiction. A remand order based on jurisdiction is nonreviewable even if the trial court appears to have reasoned superficially or reached the wrong result. Thermtron Products, 423 U.S. at 343. The trial judge in this case made a quick decision based solely on the pleadings, but those actions are within his discretion. See Schwinn Bicycle Co. v. Brown, 535 F.Supp. 486, 487 (W.D. Ark. 1982) (remanding sua sponte because the removal petition alleged residence rather than citizenship). See also Nadler, 764 F.2d at 413 (trial court could allow cure by amendment or remand as district courts "do not sit to receive new evidence"); D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145, 146-47 (5th Cir. 1979), cert. denied, 449 U.S. 830 (1980) (noting that defective allegations of jurisdiction in removal petitions "can" and "may" be amended). When this court reviews the entire record to decide if remand is proper, it reviews the judge's

reasoning in the guise of reviewing his thoroughness. Such review makes an end run around Thermtron.

This argument also subverts the purpose of the statute, which is to prevent "delay through protracted litigation of jurisdictional issues." Soley, 923 F.2d at 408. If we must evaluate the thoroughness of a trial judge's inquiry into jurisdiction to decide if the trial judge's inquiry was in fact "jurisdictional," section 1447(d) will not prevent much delay.

The second argument that the order is not jurisdictional is that the judge did not state with sufficient clarity that he was remanding on jurisdictional grounds. The order is comparable, however, to other orders this court has found unreviewable. In Merrimack the judge stated that:

> This case was removed from state court to this Court due to the existence of diversity of citizenship between the original parties. Subsequent to removal, two additional persons were included as defendants. It is apparent that no diversity exists between the plaintiff and the new defendant, Rex N. Smutts and K.W. McDowell. Accordingly, this Court no longer has jurisdiction over this matter, and the entire case should be, and is hereby, REMANDED back to state court for appropriate disposition.

587 F.2d at 644. The defendant complained that the two new parties were not indispensable but had been added by the court in its discretion. The court agreed that remanding on the basis of joinder of dispensable parties would be "clearly improper" but added that it "simply [could not] tell from the face of the remand order what grounds the district judge relied on" and upheld the order.

12

Judge Maloney's order in this case has a stronger claim to nonreviewability than did the one in <u>Merrimack</u>. The <u>Merrimack</u> judge did say the word "jurisdiction," but the court did not consider the presence or absence of that word. It instead focused on the absence of a proper reason for remanding. Judge Maloney's order has a reason for remanding--the inadequate pleading of jurisdictional facts--that is a proper and potentially dispositive concern in evaluating jurisdiction.

This order also has as strong a claim to nonreviewability as the claim in <u>In re Weaver</u>. That order read "in pertinent part: `If the case was removable at all, it was removable prior to the appearance of the Defendants in the Superior Court action.'" 610 F.2d at 336 n.4. The court concluded that it "seems apparent" that the judge "believed the case was not removable," producing a "logical inference that he felt jurisdiction was lacking." <u>Id.</u> at 337. Judge Maloney's order produces an inference at least that strong.

This interpretation of a "procedural" remand does not collapse its definition into that of a "jurisdictional" remand. "Procedural" defects involve the parts of the removal process separate from the invocation of jurisdiction. <u>See, e.g.</u>, <u>Maniar v. FDIC</u>, 979 F.2d 782, 784 (9th Cir. 1992) (untimely removal). <u>See generally</u> Wright et al., <u>supra</u>, § 3739 at 575 & n.9 (listing various "procedural irregularities").

III

13

The majority's decision forgets the Supreme Court's statement to this court in <u>Gravitt v. Southwestern Bell Telephone</u>, 430 U.S. 723 (1977) (per curiam). This court granted a writ of mandamus vacating a remand order, reasoning that the district court incorrectly applied the Texas doctrine of judicial estoppel in determining the existence of diversity. <u>In re Southwestern Bell Tel.</u>, 535 F.2d 859 (5th Cir. 1976) (per curiam), <u>aff'd</u>, 542 F.2d 197 (5th Cir. 1976) (en banc) (per curiam). The Supreme Court reversed, stating that "[t]he District Court's remand order was plainly within the bounds of § 1447(c) and hence was unreviewable by the Court of Appeals, by mandamus or otherwise." <u>Gravitt</u>, 430 U.S. at 723. Our sister circuit recognizes that <u>Gravitt</u> bars review when a district judge bases a remand order on the inadequacy of the jurisdictional pleadings. <u>Bregman v. Alderman</u>, 955 F.2d 660, 664 (11th Cir. 1992) (per curiam). On this issue the majority stands alone.

In sum, the only issue addressed in the remand order is the adequacy of the jurisdictional pleadings. Calling this issue "procedural" undermines judicial discretion and circumvents 1447(c)'s ban on review of jurisdictional remands by requiring appellate courts to test the depth of the inquiry into jurisdiction.