BLACK, Circuit Judge, dissenting:

I respectfully dissent. This is a classic example of the old adage that "bad facts make bad law." The case is difficult because the district court erroneously remanded it to state court, but I believe the majority stands to do even greater harm in attempting to rectify this mistake.

As stated in the dissent of the opinion relied upon by the majority, In re Allstate Ins. Co., 8 F.3d 219 (5th Cir. 1993):

> The majority opinion expands our power to review remand orders, contrary to the will of Congress in section 1447(c) and of the Supreme Court in Thermtron Products.

Id. at 224 (Higginbotham, J., dissenting).

In my view, the issue in this case is jurisdictional.[1] The jurisdictional nature of a remand order cannot hinge on the depth of the district court's inquiry into jurisdiction. Even when a remand order is erroneous, § 1447(d) prohibits appellate review if the district court issued the order under § 1447(c). Thermtron Prods., Inc. v. Hermansdorfer, 96 S. Ct. 584, 589 (1976). By classifying the issue in this case as procedural rather than jurisdictional, the majority circumvents this rule by allowing appellate review of a district court's remand order issued under § 1447(c) to determine if jurisdiction "factually" exists. Such a practice permits an end run around Thermtron Products and undermines judicial discretion.

---

[1] The amendment to § 1447(c) impacted only remand orders for procedural defects. My position is therefore unaffected by the amendment. I am in accord with the jurisdictional analysis in the Allstate dissent, also written subsequent to the amendment.