Barbara SHERMAN

v.

**GULF PRIDE MARINE SERVICES, INC.**

Civil Action No. 95–4017.

United States District Court, E.D. Louisiana.

Jan. 22, 1996.

Robert J. Young, Jr., Timothy J. Young, Young, Richaud, Theard & Myers, New Orleans, LA, for plaintiff.

William Bryon Schwartz, William Daniel Wellons, Burke & Mayer, New Orleans, LA, for defendant.

*MEMORANDUM AND ORDER*

SEAR, Chief Judge.

*Background*

On September 14, 1995 defendant Gulf Pride Marine Services, Inc. ("Gulf Pride") filed for Chapter 11 relief in the Bankruptcy

Court for the Eastern District of Louisiana. Shortly thereafter, plaintiff Barbara Sherman sued Gulf Pride in Louisiana state court for personal injuries she allegedly received while employed as a seaman on one of Gulf Pride's vessels. Thereafter, the Bankruptcy Court modified the automatic stay of 11 U.S.C. § 362 to allow Sherman to proceed with her state suit. On December 4, 1995 Gulf Pride removed the case to this Court pursuant to 28 U.S.C. § 1452(a), which provides for removal based on bankruptcy "related to" jurisdiction. On December 12, 1995 I remanded the case on the ground that a Jones Act suit filed in state court cannot be removed to federal court. 46 U.S.C. § 688; *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 206, 1994 A.M.C. 1513 (5th Cir.1993). Sherman's subsequent Motion for Remand filed on December 14, 1995 was declared moot, as the case had already been remanded. Gulf Pride now moves for reconsideration of the remand order.

*Gulf Pride's Motion for Reconsideration*

In its Motion for Reconsideration, Gulf Pride argues that I have bankruptcy jurisdiction over this case, permitting its removal and retention on my docket. Gulf Pride further argues that I have the authority to reconsider my remand order and that I exceeded the discretion available to district courts by remanding the case *sua sponte.* I will address each of these arguments in turn.

*Analysis*

I. *Bankruptcy Jurisdiction*

■ Section 1452 of 28 U.S.C. provides that if a district court has bankruptcy jurisdiction over a case pursuant to 28 U.S.C. § 1334, then the case may be removed from state court and the district court may retain and decide it. Sherman disagrees with Gulf Pride's position that bankruptcy jurisdiction exists here. Pursuant to 28 U.S.C. § 1334(b), district courts have jurisdiction over cases "related to" the bankruptcy matter. In determining relation to, I must examine whether the outcome of Sherman's case could "conceivably" have any effect on the bankruptcy estate. *In the Matter of Wood,* 825 F.2d 90, 93 (5th Cir.1987). Sherman points to a large insurance policy that Gulf Pride has in effect, and further states

that she will not attempt to recover against Gulf Pride outside the bankruptcy proceeding. Notwithstanding these, however, an effect on the estate is conceivable in several ways. First, it is conceivable that the insurer will raise defenses to coverage; if so, even if the estate succeeds in establishing coverage there will be legal expenses. Second, if coverage is unavailable or inadequate, Gulf Pride is susceptible to a judgment, which the bankruptcy court may allow as another claim on the estate. Third, even if coverage is available and adequate, the policy is an asset of the estate and any amount paid thereunder would decrease Gulf Pride's available coverage. Since an effect on the bankruptcy estate is conceivable, I find Sherman's suit to be sufficiently related to the bankruptcy case to confer federal jurisdiction. However, it should not escape notice that the mere existence of bankruptcy jurisdiction does not mean that this case must be decided here. *See Kinder v. Wisconsin Barge Line, Inc.,* 69 B.R. 11 (E.D.Mo.1986) (while there existed bankruptcy "related to" jurisdiction over a Jones Act suit removed from state court, plaintiff's motion to remand was granted since Jones Act suits filed in state court are not removable).

II. *Authority to Reconsider and Permissibility of Remand Order*

■ The issue of authority to reconsider implicates questions of law on which the Courts of Appeal diverge. In the Fifth Circuit the issues of authority to reconsider a remand order and the propriety of the remand order are intertwined: I have authority to reconsider only if the remand order exceeded the statutory latitude available to district courts.

■ Ordinarily, review by way of reconsideration or direct appeal of remand orders—even improper ones—is made unavailable by 28 U.S.C. § 1447(d):

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.

In the usual situation, the district court is "completely divested of jurisdiction once it mails a certified copy of the [remand] order

to the clerk of the state court." *In re Shell Oil Co.,* 932 F.2d 1523, 1528 (5th Cir.1991), *quoting Browning v. Navarro,* 743 F.2d 1069, 1078 (5th Cir.1984). However, as the Supreme Court has recently emphasized, the prohibition in § 1447(d) should be read together with the permissible grounds for remand mentioned in § 1447(c), so that "only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Things Remembered, Inc. v. Petrarca,* —— U.S. ——, ——, 116 S.Ct. 494, 497, 133 L.Ed.2d 461 (1995). And, "where an exception to non-reviewability exists, 'an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order.' " *In re Shell Oil Co.,* 932 F.2d at 1528, *quoting In re Shell Oil Co.,* 631 F.2d 1156, 1158 (5th Cir.1980).

"Whether an order to remand is appealable ... turns on the reasons for the remand." *Bogle v. Phillips Petroleum Co.,* 24 F.3d 758, 761 (5th Cir.1994). The permissible grounds for remand are described in 28 U.S.C. § 1447(c):

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

In examining § 1447(c), the Supreme Court has recently stated that timely raised defects in removal procedure and lack of subject matter jurisdiction are the only grounds for remand. *Things Remembered,* —— U.S. at ——, 116 S.Ct. at 497. *See also Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) (discussing pre–1988 version of § 1447(c)). Sherman contends that my remand was one based on lack of subject matter jurisdiction; if she is correct, then I clearly have no authority to reconsider the remand. *Tillman v. CSX Transportation, Inc.,* 929 F.2d 1023, 1026–27 (5th Cir.), *cert. denied,* 502 U.S. 859, 112 S.Ct. 176, 116 L.Ed.2d 139 (1991). However, my reading of the case law discloses otherwise.

A defect in removal procedure under § 1447(c) "refers to 'any defect that does not go to the question of whether the case originally could have been brought in federal district court.' " *In re Allstate Ins. Co.,* 8 F.3d 219, 221 (5th Cir.1993), *quoting Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1544 (5th Cir.1991), *cert. denied,* 502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991). Thus, "[d]efects in removal procedure include, inter alia, the removal of an action that could have been filed originally in federal court but could not be removed to federal court if it were filed originally in state court." *Pavone v. Mississippi Riverboat Amusement Corp.,* 52 F.3d 560, 566 (5th Cir.1995). In this case, Sherman's suit originally could have been brought in federal district court on at least two different subject matter bases: bankruptcy "related to" jurisdiction or concurrent state/federal jurisdiction over Jones Act cases. Therefore, the earlier remand was premised on defective removal procedure, not absence of subject matter jurisdiction. In interpreting revised § 1447(c), the Fifth Circuit has found that, "[b]ecause the remand order was based on a defect in removal procedure, and not a lack of subject matter jurisdiction, an exception to non-reviewability existed." *In re Shell,* 932 F.2d at 1528.

The same result also follows from a factually similar Fifth Circuit case, *In re Digicon Marine, Inc.,* 966 F.2d 158, 1992 A.M.C. 2676 (5th Cir.1992). In *Digicon,* plaintiff brought a case under the Jones Act and the general maritime law in state court, which defendant subsequently removed. The district court granted plaintiff's untimely motion to remand on the basis that the claim was non-removable, then denied defendant's motion for reconsideration, stating that the remand had been grounded on lack of subject matter jurisdiction and that it no longer had jurisdiction over the case. On defendant's petition for a writ of mandamus, the Fifth Circuit found that the remand order was one based on a defect in removal procedure, and that there existed jurisdiction to review the remand order. *Id.* at 160. I find, then, that a remand order based on lack of authority to remove a case is one susceptible to review on a motion for reconsideration.

331

The conclusion that the instant case is reviewable is also mandated by a more recent Fifth Circuit case holding that when a district court acts *sua sponte* to remand a case on grounds of a defect in removal procedure, § 1447(d) is not a bar to reviewability. *In re Allstate*, 8 F.3d at 221 (vacating remand order where district court had remanded case *sua sponte* because of defendant's failure adequately to allege plaintiff's residence for purposes of supporting diversity jurisdiction). While other courts differ on reviewability and hold remand orders based on defects in removal procedure to be unreviewable,[1] I am constrained to follow this circuit's rule. Hence, I may proceed to review the remand order.

■■■ The remand order was grounded on the well established rule that Jones Act cases are not removable. However, the remand order came on my own motion, and Gulf Pride's arguments concerning the appropriateness of such a remand are well taken. Prior to the 1988 amendments to § 1447(c),[2] district courts arguably had authority to remand cases *sue sponte*.[3] However, the Fifth Circuit has recently clarified that *sua sponte* remand orders in response to a defect in removal procedure do not fall within the locus described by revised § 1447(c), because the term "motion" in that statute refers only to party motions. *In re Allstate*, 8 F.3d at 222–23. Though other circuits diverge on the permissibility of *sua sponte* remand orders based on defects in removal procedure,[4] *Allstate* is controlling and I conclude that § 1447(c) does not contemplate a *sua sponte* remand here. However, this still leaves the success of the defendant's apparent aim, having the case heard here rather than in state court.

*Conclusion*

For the foregoing reasons, IT IS ORDERED that defendant's Motion for Reconsideration be and is hereby GRANTED. IT IS FURTHER ORDERED that the Order of Remand dated December 12, 1995 be VACATED.

---

**1.** *See, e.g., LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 71–72 (2nd Cir.1994); *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 50 (3rd Cir.1993); *Sawyer v. Commonwealth Edison Co.*, 847 F.Supp. 96, 98 (N.D.Ill.1994).

**2.** The former version provided: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case."

**3.** *Cf. In re Allstate*, 8 F.3d at 222 n. 6.

**4.** At least two circuits uphold such remand orders if they are timely. *Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir.1992); *Air–Shields, Inc. v. Fullam*, 891 F.2d 63, 65 (3rd Cir.1989).