# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 9, 2010

No. 10-50941
Summary Calendar

Lyle W. Cayce
Clerk

In re: JOHN COOPER; CARRIE D. BOE,

Petitioners.

Petition for a Writ of Mandamus to the
United States District Court for the Western District of Texas

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

John Cooper and Carrie Boe (Petitioners) seek a writ of mandamus to
vacate a district court's order remanding a case to state court.[1]  In subsequent
briefing to the court, however, the Petitioners have suggested that their petition
has been mooted by the filing of an amended complaint in state court.  The
Petitioners claim that they will file a new notice of removal as a result of this
pleading.  Specifically, the Petitioners "respectfully suggest their Petition for
Writ of Mandamus is moot, but reserve the right to re-file same should the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] *See In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) ("We may review a remand
order on petition for writ of mandamus . . . provided that it was entered on grounds not
authorized by [28 U.S.C.] § 1447(c)."). *But see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706,
711-15 (1996) (holding that remand orders are also appealable orders under 28 U.S.C. § 1291).

No. 10-50941

District Court remand the . . . claims pending in the underlying litigation in the future prior to a proper adjudication." We read this representation as a request by the Petitioners to withdraw the instant petition, and we dismiss the petition on that basis. We do not address at this time whether this court otherwise lacks jurisdiction to review the district court's remand order.[2]

    DISMISSED.

---

[2] 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, — U.S. —, 129 S. Ct. 1862, 1865-66 (2009) ("This Court has consistently held that § 1447(d) must be read *in pari materia* with § 1447(c), thus limiting the remands barred from appellate review by § 1447(d) to those that are based on a ground specified in § 1447(c).").