**In re DIGICON MARINE, INC., Digicon Geophysical Corp., Sealfleet, Sealcraft Operators, Inc. and Three R. Trust, Petitioners.**

No. 92–2418.

United States Court of Appeals, Fifth Circuit.

June 25, 1992.

Ben L. Reynolds and Scott Kinzel, Royston, Rayzor, Vickery & Williams, Houston, Tex., for petitioners.

David K. Anderson, Fulbright & Jaworski, Carmody Baker and Jerry Lowry, Houston, Tex., for Brian Shirley.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Petitioner Digicon Marine requests a writ of mandamus requiring the district court to reverse its order remanding this case to the 136th Judicial District of Jefferson County, Texas. We grant the petition for writ of mandamus because the motion for remand was filed more than 30 days after the filing of notice of removal. 28 U.S.C. § 1447(c).

Plaintiff Shirley was injured while working as a research employee aboard a boat conducting seismic research in the Gulf of Mexico. Shirley brought suit under the Jones Act and general maritime common law in the Texas state courts. Digicon removed the case, asserting that Shirley's claims arose under the Oceanographic Research Vessels Act (ORVA). 46 U.S.C.App. §§ 441 et. seq. Shirley moved to remand the case on the basis that the claim does not arise under ORVA, but under maritime law which does not supply removal jurisdiction. *In re Dutile*, 935 F.2d 61, 65 (5th Cir.1991) (maritime claims not removable without independent federal claim or complete diversity). The district court granted the motion to remand. Digicon then filed a motion for reconsideration pointing out the untimeliness of Shirley's motion to remand. The district court denied the motion to reconsider stating that its earlier ruling was based upon a lack of subject matter juris-

diction and that it had no jurisdiction after sending the case back to state court.

■ We agree that Shirley's claim is a non-removable maritime claim. ORVA does not provide a cause of action which would support federal question jurisdiction; it provides only a defense to a Jones Act action. A defense that raises a federal question does not confer federal question jurisdiction. *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806 (5th Cir.1992). Therefore, this case was not properly removable under § 1441(b).

This conclusion does not resolve the case, however, because Shirley's motion for remand was filed after the 30 day time limit for such motions. 28 U.S.C. § 1447(c). We must therefore consider the effect of this untimeliness on the district court's remand order.

■ The first question is whether we have appellate jurisdiction to review the remand order. In construing the recent amendments to 28 U.S.C. § 1447 dealing with the reviewability of remand orders on appeal, we have held that the only remand orders which are clearly non-reviewable under § 1447(d) are those based on lack of subject matter jurisdiction. *In re Shell Oil*, 932 F.2d 1518, 1519 (5th Cir.1991) (*Shell Oil I*); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1545 (5th Cir.1991). Despite the district court's description of the remand as one based on a lack of subject matter jurisdiction in its order on reconsideration, the district court's original remand order clearly indicates on its face that the remand was not based upon lack of original subject matter jurisdiction but on the lack of authority to remove a maritime case under 28 U.S.C. § 1441(b).

A remand based on a lack of "removal jurisdiction" is not considered lack of subject matter jurisdiction but is instead a defect in removal procedure under 1441(b). *Baris*, 932 F.2d at 1545 (defect in removal procedure "includes within its reach the bringing of an action not within the court's removal jurisdiction but that could have

been brought originally in that court."). Lack of authority to remove under § 1441(b) is not lack of subject matter jurisdiction. In *Shell Oil I*, for example, we treated removal on diversity grounds improper because there were resident defendants, as a defect in removal procedure rather than a lack of subject matter jurisdiction. 932 F.2d at 1518. Because this action could have been brought in the federal court originally as a maritime action, the district court had subject matter jurisdiction. Therefore, this court may review the remand order based upon an untimely motion to remand.[1]

■ The second question is whether this defect in removal is subject to waiver for failure to comply with the 30 day time limit on motions to remand. Because we have held that all removal defects are waivable except for lack of original subject matter jurisdiction, the defect here was waivable. *Shell Oil I*, 932 F.2d at 1521; *Baris v. Sulpicio Lines, Inc.* 932 F.2d 1540, 1545 (5th Cir.1991) (defects in removal jurisdiction are waivable).

The remaining question is whether the district court may grant the motion to remand despite its untimeliness. In *In re Shell Oil II*, 932 F.2d 1523, 1528 (5th Cir. 1991), we granted a writ of mandamus vacating a remand order, holding that "because the plaintiffs' motion for remand was untimely, the district court had no discretion to remand on the basis of improper removal." Under the present circumstances, Digicon did not waive its objection to the untimeliness of the remand by failing to raise the issue until a motion for reconsideration in the district court. *Id.* Accordingly, the district court erred in remanding the case despite the untimeliness of Shirley's motion to remand.

■ The district court appeared to be under the impression that it was divested of jurisdiction to reconsider its remand order once the case had been sent back to state court. Although we had previously

---

1. Whether § 1447(d) also precludes our review of a district court's granting of a timely motion to remand due to defects in removal procedure remains an open question. *McDermott Int'l v. Lloyds Underwriters of London*, 944 F.2d 1199, 1201 (5th Cir.1991).

stated that the district court was divested of jurisdiction once it mailed the remand order to the state court, *Browning v. Navarro,* 743 F.2d 1069, 1078 (5th Cir.1984), we clarified in *Shell Oil II,* 932 F.2d at 1528, that where remand is reviewable on appeal "a district court has jurisdiction to review its own order, and vacate or reinstate that order."

For the foregoing reasons, the petition for writ of mandamus is GRANTED, and the district court's remand order and order denying the defendants' motion for reconsideration are VACATED.