MAUI LAND & PINEAPPLE
CO., Plaintiff,

v.

OCCIDENTAL CHEMICAL CORP.,
et al., Defendants.

No. Civ. 97–01607 ACK.

United States District Court,
D. Hawai'i.

Oct. 19, 1998.

**1084**

Stephen M. Teves, Tom & Petrus, Honolulu, HI, for Maui Land & Pineapple Company, Inc.

Carla M. Nakata, Paul Johnson Park & Niles, Wailuku, HI, Stephen C. Lewis, San Francisco, CA, for Occidental Chemical Corporation.

## ORDER DENYING MOTION FOR STAY AND RECALL OF ORDER OF REMAND TO STATE COURT PENDING APPEAL

KAY, Chief Judge.

Before the Court is the novel question of whether this Court has jurisdiction to recall an order of remand based upon the Declaratory Judgment Act after a certified copy of the order has been sent to a state court. As discussed below, the Court finds that it has jurisdiction in this case, and therefore addresses whether a stay and recall of the remand order is warranted in this case.

### BACKGROUND

Plaintiff Maui Land & Pineapple Company, Inc., ("Plaintiff") filed this action in state court against Defendant Occidental Chemical Corporation ("Defendant") and various Doe parties seeking a declaration that it need not provide defense costs or indemnification to Defendant regarding an action filed in the Second Circuit Court of the State of Hawaii entitled *Board of Water Supply of the County of Maui v. Shell Oil Company, et al.,* Civ. No. 96–0370(1). On December 9, 1997, Defendant removed this action to federal court. On the same day, Defendant filed a counterclaim against Plaintiff seeking a declaration that Plaintiff is required to provide defense costs and indemnification in the *Board of Water Supply* action.

On September 9, 1998, this Court issued an Order Affirming Magistrate Judge's Order Granting Plaintiff's Motion to Remand (the "Order"). On September 10, 1998, the Clerk of this Court filed by mail a certified copy of the Order in the Second Circuit Court of the State of Hawaii. On September 23, 1998, Defendant filed a motion to stay and recall order of remand to state court pending appeal. On October 13, 1998, Plaintiff filed a memorandum in opposition. The Court heard oral arguments on October 15, 1998.

### STANDARD

The standard for evaluating a request for a stay pending appeal is similar to that for evaluating a request for preliminary injunction. *See Lopez v. Heckler,* 713 F.2d 1432, 1435 (9th Cir.1983). In *Miller v. California*

*Pacific Medical Ctr.,* 19 F.3d 449 (9th Cir. 1994), the Ninth Circuit set forth the standard for granting a preliminary injunction as follows:

> Traditionally we consider (1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief.

*Id.* at 456 (citing *United States v. Odessa Union Warehouse Co-op,* 833 F.2d 172, 174 (9th Cir.1987)).

> The moving party must show 'either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits.'

*Miller,* 19 F.3d at 456 (quoting *Senate of California v. Mosbacher,* 968 F.2d 974, 977 (9th Cir.1992)).

> 'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'

*Miller,* 19 F.3d at 456 (quoting *Odessa Union,* 833 F.2d at 174).

The grant or denial of a preliminary injunction is reviewed for abuse of discretion. *See Miss Universe, Inc. v. Flesher,* 605 F.2d 1130, 1132–33 (9th Cir.1979).

## DISCUSSION

### A. Jurisdiction to Consider Motion

■ A threshold issue is whether this Court has jurisdiction to issue a stay in light of the fact that the Court has already sent a certified copy of its remand Order to a Ha-

waii state court.[1] The Ninth Circuit has stated that district courts have no jurisdiction over a case following certification to a state court. *See, e.g., Seedman v. United States District Court for Central District of Cal.,* 837 F.2d 413, 414 (9th Cir.1988). This rule, however, is limited to cases in which judicial review is precluded by 28 · U.S.C. § 1447(d), a statute which has no application to this case.

In *Seedman,* the court relied upon the language in 28 U.S.C. § 1447(d), which states that remand orders based on 28 U.S.C. § 1447(c) are not reviewable "on appeal or otherwise." *See also Bucy v. Nevada Const. Co.,* 125 F.2d 213, 217–218 (9th Cir.1942) (stating that, in a case where the district court remanded for lack of subject matter jurisdiction, it is "unlikely that the federal court has power ... to vacate an order of remand after it has been executed by the filing in the state court of a certified copy of the order.").

■ In *Snodgrass v. Provident Life and Accident Ins. Co.,* the Ninth Circuit explained that 28 U.S.C. § 1447(c) governs "only 'ordinary' remands, that is, remands 'based on lack of subject matter jurisdiction or defects in removal procedure.'" 147 F.3d 1163, 1165 (9th Cir.1998) (quoting *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 711–12, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)). A remand order entered pursuant to the Declaratory Judgment Act, such as the Order in this case, is an exceptional remand that does not fall under 28 U.S.C. § 1447(c), and, consequently, the prohibition against judicial review of remand orders in Section 1447(d) does not apply. *Id.*

The Ninth Circuit has not yet determined whether certification deprives a district court of jurisdiction over a case in which the remand order is reviewable by an appellate court.[2] Other circuits have held, however, in

---

1. The parties do not dispute that the filing of an appeal does not deprive the district court of jurisdiction to issue an order to maintain the status quo. *See Thomas, Head and Greisen Employees Trust v. Buster,* 95 F.3d 1449, 1460 n. 19 (9th Cir.1996).

2. The *Snodgrass* court did not address this issue, although the Clerk's Office of the Western District of Washington has informed this Court that

a certified copy of the remand order in that case was sent to the state court. Arguably, if the Ninth Circuit in *Snodgrass* had jurisdiction to direct the district court to retain jurisdiction following the Ninth Circuit's review of the remand order then likewise a district court retains jurisdiction for purposes of issuing a stay and recalling a remand when a remand order is reviewable. Apparently, the Ninth Circuit has not addressed this issue directly.

contexts other than a remand under the Declaratory Judgment Act, that the certification rule does not apply when a remand order is reviewable. *See, e.g., Hudson United Bank v. LiTenda Mort. Corp.,* 142 F.3d 151, 159 (3d Cir.1998); *In re Digicon Marine Inc.,* 966 F.2d 158, 160–61 (5th Cir.1992) ("Although we had previously stated that the district court was divested of jurisdiction once it mailed the remand order to the state court, ... where remand is reviewable on appeal a district court has jurisdiction to review its own order, and vacate or reinstate that order.") (citation and internal quotation marks omitted). This is consistent with *Seedman*'s reliance on the restrictive language of Section 1447(d) in finding that certification deprived jurisdiction; where 1447(d) does not apply, neither does *Seedman.*

**B. Judicial Estoppel**

■ A second threshold issue is whether Defendant is judicially estopped from arguing that the Court has jurisdiction following its previous motion for a stay of the magistrate's order pending an appeal to this Court. "Judicial estoppel precludes a party from taking inconsistent positions in the same litigation." *Interstate Fire & Cas. Co. v. Underwriters at Lloyd's,* 139 F.3d 1234, 1239 (9th Cir.1998) (citing *Yanez v. United States,* 989 F.2d 323, 326 (9th Cir.1993)). The Ninth Circuit further explained, "A majority of courts apply judicial estoppel only if the court has relied on the party's previously inconsistent statement, and we have recently adopted that rule." *Id.* (citing *Masayesva v. Hale,* 118 F.3d 1371, 1382 (9th Cir.1997)).

In this case, the Court finds that judicial estoppel does not bar Defendant from arguing that certification to state court does not deprive this court of jurisdiction. In their memorandum in support of their motion for a stay of the magistrate's remand order, Defendant stated, "A stay of delivery of the Remand Order will ensure that the District Court retains jurisdiction to hear Occidental's appeal." Def. Mem. at 2. Defendant supported this statement with a citation to a New Jersey district court case that held that a clerk's transmittal of a magistrate's remand order divested the district court of jurisdiction; Defendant also cited Section 1447(c). Thus, Defendant did not argue that certifica-

tion to state court would definitely deprive this Court of jurisdiction, but only that it could. Similarly, the Court did not rely on any statement that a remand order by a magistrate is not reviewable by a district court absent a stay; rather, in an abundance of caution, this Court signed the order staying the magistrate's order.

■ Most importantly, however, is that since Defendant submitted its brief on June 30, 1998, the Ninth Circuit announced for the first time in *Snodgrass* that a remand under the Declaratory Judgment Act falls outside the scope of Section 1447(c) and (d), and that such a remand is therefore reviewable on appeal. Estoppel is inappropriate when a party is merely changing its position in response to a change in the law. *See State of Ariz. v. Shamrock Foods Co.,* 729 F.2d 1208, 1215–16 (9th Cir.1984) (finding no judicial estoppel when a party altered its theory of recovery in response to a change in law). Thus, Defendant is not estopped from arguing that this Court has jurisdiction despite certification to the Hawaii courts.

**C. Application of Standard for Motion for Stay**

In light of the Court's jurisdiction to determine this motion and the absence of judicial estoppel, the Court proceeds to determine whether a stay is appropriate in this case.

**1. Likelihood of Success**

■ First, the Court must consider the likelihood of success on appeal. To succeed on appeal, Defendant must demonstrate that the remand in this case was an abuse of discretion. *See Snodgrass,* 147 F.3d at 1164. The Court notes that its Order, which affirmed a magistrate's order, was hardly a case of first impression in this circuit. On the contrary, the Ninth Circuit has provided numerous, recent opinions regarding the Declaratory Judgment Act, including *Snodgrass* (1998), *First State Ins. Co. v. Callan Assoc.,* 113 F.3d 161 (1997); *Golden Eagle Ins. Co. v. Travelers Cos.,* 103 F.3d 750 (1996), *overruled on other grounds, Government Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1227 (9th Cir.1998); and *Employers Reinsurance Corp. v. Karussos,* 65 F.3d 796 (1995), *over-*

*ruled on other grounds, Dizol,* 133 F.3d at 1227. The Court will not reiterate the reasoning of its previous Order, but notes that its conclusion (and that of Magistrate Judge Yamashita) is consistent with these cases as well as other Ninth Circuit case law.

The standard of review and the plethora of Ninth Circuit case law on which this Court relied lead this Court to conclude that the likelihood of Defendant's success on appeal is limited. Accordingly, this factor weighs against Defendant.

## 2. Possibility of Irreparable Injury and Balance of Hardships

The Court next considers whether Defendant will be irreparably harmed absent a stay and whether any such harm balances against any harm that a stay may cause Plaintiff. In this case, Defendant argues that it will be irreparably harmed absent a stay because the state case may go to trial before the Ninth Circuit determines whether the remand was proper. In the event that Defendant succeeds on appeal after a trial in state court, it will need to litigate the same case in federal court, thereby having wasted Defendant's resources. Defendant has not shown, however, that a potential for irreparable harm is imminent. Plaintiff states that it intends to seek consolidation of this case and the underlying state case, which is scheduled to go to trial in October 1999. Thus, the harm that Defendant seeks to avoid is not scheduled to occur for one year. In the interim, discovery may occur which would not waste the parties' resources.

Plaintiff, on the other hand, argues that a stay will prevent Plaintiff from consolidating this action with the underlying action instituted by the Board of Water Supply against Defendant. This Court has already recognized that there are a number of related issues in this action and the underlying state action. *See* Order at 9–10. A consolidation would permit Plaintiff the opportunity to join in discovery in that action, and thereby con-

serve Plaintiff's resources.[3] The balance clearly tips in favor of Plaintiff.

## 3. Public Interest

The public interest also weighs against a stay. Although the Court has determined that it has jurisdiction in this case, the public interest at stake in this case is the interference with state court proceedings. As one court observed in the context of determining jurisdiction following certification to a state court:

> Removal ..., to the prejudice of state court jurisdiction, is a privilege to be strictly construed, ... and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court.

*Browning v. Navarro,* 743 F.2d 1069, 1079 n. 26 (5th Cir.1984) (citation omitted).

Even though the Court has jurisdiction, it should be exercised sparingly because this action has already been certified to the state court. Certification does not deprive the Court of jurisdiction, but weighs against a stay in the balancing of the relevant factors.

## 4. Summary

In sum, Defendant has not shown a likelihood of success on appeal. The Court's Order affirming the magistrate's remand order is firmly grounded in recent Ninth Circuit case law, and Defendant is not likely to successfully show that the Court's Order constituted an abuse of discretion. In addition, Defendant has not shown that irreparable harm is imminent; trial is not scheduled until October 1999. On the other hand, a stay would harm Plaintiff's ongoing discovery efforts. For the same reasons, Defendant has not shown the existence of serious questions going to the

---

**3.** Defendant notes that Federal Rule of Procedure 27(b) provides for discovery to proceed while an appeal is pending. The Ninth Circuit has explained, "Rule 27(b) contemplates that a district court with existing subject matter jurisdiction retains sufficient jurisdiction of a case under appeal to issue an extraordinary discovery order pending that appeal." *Campbell v. Blodgett,* 982 F.2d 1356, 1357 (9th Cir.1993). Discovery would certainly be more efficient if this action were consolidated with the underlying state action rather than if this Court issued an extraordinary discovery order permitting certain discovery in federal court.

merits and the balance of hardships tipping sharply in favor of Defendant. The public interest also weighs against recalling a remand once it is certified to a state court. In light of these factors, the Court finds that a stay should not be granted pending appeal.

### CONCLUSION

For the foregoing reasons, Defendant's motion for stay and recall of remand pending appeal is DENIED.

IT IS SO ORDERED.