**Patricia LEE Plaintiff**

v.

**PINEAPPLE MANAGEMENT SERVICES, INC.; Pineapple Partners of Jackson, LLC; Hotel O'Krepki Group of Jackson, LP and All D/B/A/ Fairfield Inn Defendants**

**No. CIV.A. 3:02CV1415LN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 8, 2002.

James W. Nobles, Jr., J. Kevin Rundlett, Barnett Law Offices, Jackson, MS, for Plaintiff.

Martin R. Jelliffe, Brenda M. Currie, Wise, Carter, Child & Caraway, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiff Patricia Lee, pursuant to 28 U.S.C. § 1447, to remand this case to the Circuit Court of Hinds County. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is not well taken and should be denied.

This is a slip-and-fall action involving injuries alleged to have been suffered by Lee on August 11, 2001 at the Fairfield Inn in Jackson, Mississippi. On March 19, 2002, Lee filed suit in the Circuit Court of Hinds County, naming as defendant the "Fairfield Inn." On that same date, she undertook to serve process on "Fairfield Inn" by personally serving the hotel manager at the Jackson Fairfield Inn. On April 26, 2002, an entity identifying itself as "Pineapple Management Services, Inc." filed an answer to the complaint, stating therein that "Pineapple Management Services, Inc." had been "incorrectly named in the complaint as 'Fairfield Inn,'"[1] and setting forth defenses of, among others, insufficiency of process and insufficiency of service of process.[2]

In light of defendant's answer, on May 7, 2002, Lee moved for and was granted

1. The notice of removal recites that Pineapple Management Services, Inc., a Louisiana corporation, became aware of the action through its insurance company.

2. The answer recited:

The Complaint should be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for insufficiency of process and/or insufficiency of service of process.

leave to amend her complaint to change the name of the party defendant from Fairfield Inn to Pineapple Management Services, Inc. Unbeknownst to her at the time, however, the Pineapple Management Services, Inc. which had answered her original complaint was a Louisiana corporation that had managed the Fairfield Inn at the time of her accident whereas the Pineapple Management Services, Inc. which plaintiff identified in her amended complaint was a Mississippi corporation by the same name that had taken over management of the Jackson Fairfield Inn some months after the time of her accident.[3]

Subsequently, on July 8, 2002, plaintiff again moved to amend her complaint, this time to add two additional defendants whose identities she had learned, evidently from defense counsel. Her request was granted, and on July 17, her amended complaint was filed, adding as defendants Hotel O'Krepki Group of Jackson, LLC, a Louisiana limited partnership which had owned the hotel property at the time of plaintiff's accident, and Pineapple Partners of Jackson, LLC, a Mississippi limited liability corporation which purchased the Fairfield Inn from O'Krepki at least two months after Lee's accident.

On July 30, 2002, copies of the summons and amended complaint were sent by certified mail to Smita B. Sanfani, as registered agent for service of process for Pineapple Partners Management Services, Inc., the Mississippi corporation, and for Pineapple Partners of Jackson, LLC, and the summons and complaint were on the same date sent via certified mail to Albot Ajubita, as agent for service of process for Hotel O'Krepki of Jackson. Process was received by each of these putative defendants on either July 31 or August 1, 2002.

On August 26, Pineapple Management Services, Inc., Pineapple Partners of Jackson FF, LLC and Hotel O'Krepki Group of Jackson, LP removed the case on the basis of diversity jurisdiction, contending that plaintiff had fraudulently joined the Mississippi defendants solely to defeat diversity and prevent removal to federal court. Plaintiff has moved to remand on the dual bases that defendants' removal was untimely, and that there is in any event no diversity of citizenship to support federal jurisdiction inasmuch as her allegations state valid causes of action against the resident defendants who thus cannot be said to have been fraudulently joined. Neither contention is supportable or supports plaintiff's request for remand.

Plaintiff objects that the notice of removal was untimely because it was filed well over thirty days following March 19, 2002, which she characterizes as the date on which she first filed the action and "properly served" process on the first defendant. See 28 U.S.C. § 1446(b).[4] Her position is without merit, for it is clear that no defendant was, in fact, "properly served" on March 19. Instead, as contended by defendants, in accordance with the Supreme Court's decision in *Murphy*

---

**3.** Evidence submitted by defendants, and unrefuted by plaintiff, shows that Pineapple–Mississippi began managing the Fairfield Inn for the new ownership of the hotel a few months after the accident in the present case; Pineapple–Louisiana, rather than Pineapple–Mississippi, managed the property at the time of the accident in the present case.

**4.** 28 U.S.C. § 1446(b) provides that:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), the thirty-day removal clock began to run on, and not before, July 31, 2002, since that is the first date on which plaintiff properly effected service of process on any defendant.

■ In *Murphy Brothers,* the Supreme Court, applying the "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process," concluded that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347–48, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448.[5] Thus, in this case, although it is apparent from the fact that it filed an answer to the complaint on April 26, 2002 that Pineapple–Louisiana received a copy of the complaint delivered to the Fairfield Inn manager on March 19, in keeping with the Court's opinion *Murphy Brothers,* the fact of such receipt alone would not suffice to commence the thirty-day removal period unless that receipt was accomplished by way of proper service of process.[6] And in the court's opinion, it was not.

**5.** *Murphy Brothers* abrogated *Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839, 840 (5th Cir. 1996), in which the Fifth Circuit had interpreted § 1446 to hold that the time period for removal commenced when there was an actual "receipt" of the petition by the defendant, regardless of the means by which the defendant received the petition.

**6.** In the wake of *Murphy Brothers,* numerous courts have recognized that the relevant date for gauging timeliness of removal is the date on which *proper* service was effected, or the date on which objections to the sufficiency of process or service of process are waited. *See, e.g., Liberty Mut. Ins. Co. v. Bayer Corp.,* No. 02–343–GMS, 2002 WL 1467331, *2 (D.Del. 2002) (stating that "only after a plaintiff has rendered proper service is a defending party obligated to take action"); *Mauldin v. Blackhawk Area Credit Union,* No. 01 C 50221, 2002 WL 23830, *1 (N.D.Ill. Jan. 7, 2002) (holding that "the thirty-day removal technically never really began" since the defendant was not properly served with process, "meaning [the defendant's] notice of removal is timely"); *Heredia v. Transp. S.A.S., Inc.,* 101 F.Supp.2d 158, 160 (S.D.N.Y.2000) ("[O]nce a defendant receives a copy of the initial pleading—in this case, the summons and complaint—the thirty-day period for filing notice of removal is triggered, provided that service of the initial pleading is proper."); *Tabbert, Hahn, Earnest, Webble, P.C. v. Lanza,* 94 F.Supp.2d 1010, 1012 (S.D.Ind.2000) (determinative issue was whether plaintiff's at-

tempt at service was proper, for if it was, "then the thirty-day removal clock began to run at that time and the [defendants'] Notice of Removal [more than thirty days later] would be untimely ... [but] if [the] attempts at service [was] ineffective, then the removal clock would still not have begun (because there ha[d] been no other attempts at service) and the Notice of Removal would be timely"); *Prescott v. Memorial Med. Center–Livingston,* No. 9:00CV–00025, 2000 WL 532035, *2–3 (E.D.Tex.2000) (holding that under *Murphy Bros,* "a party's procedural rights cannot slip away before that party has been formally served with process," so that even though defendant in question was probably aware of the suit at virtually the same time as its codefendants who had been served, it would be "unfair to allow the time limitations of 1446(b) to run against [the subject defendant] even though it ha[d] not yet been served with formal process"); *Big B Automotive Warehouse Distributors, Inc. v. Cooperative Computing, Inc.,* No. SC 00–2602, 2000 WL 1677948, *1–2 (N.D.Cal. Nov. 1, 2000) (stating that under *Murphy Bros.,* "it is not enough for Plaintiffs to show that Defendant ... actually received a copy of the complaint by a particular date; Plaintiffs must demonstrate compliance with the requirements of service."); *Ward v. Aetna Life Ins. Co.,* No. 98 Civ. 542E, 1999 WL 222559, *1 (W.D.N.Y. 1999) (stating that "the Court's reasoning [in *Murphy Bros.*] supports the conclusion that the time for removal commences when ser-

Mississippi Rule of Civil Procedure 4(d)(4) requires that service upon a "domestic or foreign corporation or upon a partnership or other unincorporated association" be made by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive process." Plaintiff initially attempted service on March 19, 2002 by personally delivering to the manager of the Fairfield Inn in Jackson a copy of the summons and a complaint naming the "Fairfield Inn" as the sole defendant. While plaintiff has argued that this was "proper service," defendants have established that, in fact, the manager of the Fairfield Inn on March 19, 2002 was not an employee, managing or general agent, or agent for service of process of any of the defendants.[7] The conclusion is thus inescapable that, contrary to her urging, plaintiff did not properly or effectively serve any defendant with process on March 19,[8] and instead first did so on July 31, 2002.[9] Defendants' removal less than thirty days later, on August 26, was thus timely.

■ Lee's further objection that removal was improper because complete diversity of citizenship is lacking, is patently without merit; and her contention that the resident defendants were not fraudulently joined is likewise without merit, but is also beside the point. As alleged in her complaint, amended complaint, second amended complaint and her motion to remand,

vice is completed and jurisdiction over the defendant has been obtained."); *Thomas v. Klinkhamer,* No. 00 C 2654, 2000 WL 967984, *1–2 (N.D.Ill.2000) (holding that 30–day period for removal began when defendants waived objections to sufficiency of service of process by appearing before the court without contesting service of process); *Prescott,* 2000 WL 532035, at *3 (E.D.Tex.2000) (observing that the Supreme Court in *Murphy Bros* indicated that time limits run from the date of service of citation or from the time of waiver of that service).

In this case, then, the relevant date must be the date on which proper process was accomplished, since although it answered the complaint on April 26, 2002, Pineapple–Louisiana raised and thereby preserved all objections to the sufficiency of process or service of process. *See Collom v. Senholtz,* 767 So.2d 215, 218 (Miss.Ct.App.2000) (stating that the insufficiency of process defense is only waived if the answer or affirmative defenses are filed omitting the defense).

7. Defendants have submitted the affidavit of Pineapple–Mississippi's counsel who states that the manager of the Fairfield Inn on March 19 was an employee of Smith Staffing Services, Inc. who was leased to the hotel.

8. In her motion to remand, Lee provides a comprehensive explanation of her diligent efforts to determine the correct defendants and agents upon whom to serve process, and complains vigorously that defendants were less than helpful in those efforts. While the court is not unsympathetic to difficulties she may have faced, it remains the case that Lee has not refuted defendants' assertion that the hotel manager at the Fairfield Inn on March 19 was not a proper party to receive process for any defendant in this case.

9. While Lee has maintained that her service on March 19 was effective, she explains that "[i]n order to avoid any other possible defenses based upon insufficient service of process, the amended Complaint was *re-served* on all properly named defendants via their respective registered agents for service of process." She submits that therefore, "any arguments as to insufficient service are moot." It ought be noted, though, that Pineapple–Louisiana, which answered the complaint originally, maintains that while plaintiff has served process on Pineapple–Mississippi, there exists a question as to whether she has undertaken to sue the correct Pineapple Management defendant (since the complaint identifies Pineapple Management Services, Inc. as a Mississippi corporation), and assuming she can be said to have named the correct Pineapple Management as a defendant, that defendant maintains that she still has not served it with process and it has not waived any objection to service of process. The issue thus does not appear to be moot.

plaintiff is a resident citizen of Tennessee; all the defendants are either citizens of Louisiana or Mississippi. Plainly there is complete diversity. There still was an impediment to removal, inasmuch as 28 U.S.C. § 1441(b) prohibits removal in a diversity case if any of the properly joined and served defendants is a citizen of the forum state.[10] However, plaintiff did not seek timely remand on the basis of this prohibition and has thus waived this as a basis for seeking remand. In *Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir.1998), the Fifth Circuit addressed and affirmed a district court's denial of a motion to remand in this very situation, stating,

> Hunter moved to remand on the ground that the district court lacked jurisdiction because of the presence of a non-diverse defendant. Contrary to Hunter's assertion, however, there was complete diversity of citizenship between the parties: Hunter was a resident of New Hampshire at the time he filed suit; the defendants were residents of Mississippi, Georgia, or Delaware. *See* 28 U.S.C. § 1332. Hunter should have objected instead that the presence of Andrews, a resident of Mississippi, violated the statutory prohibition on the removal of diversity suits if any defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Under the law of this circuit, however, the presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal. 28 U.S.C. § 1447(c); *In re Shell Oil Co.*, 932 F.2d 1518, 1521, 1523 (5th Cir.1991); *see also Williams v. AC Spark Plugs Div. of GM Corp.*, 985 F.2d 783, 786 (5th Cir.1993); *In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir.1992) (both explaining that any defects other than lack of subject matter jurisdiction are waivable procedural defects). . . .

*Id.* "In short," the court stated, the plaintiff had "failed to make the proper objection to removal." *Id.* In so concluding, the court specifically held that the plaintiff's argument in the district court that, contrary to the defendants' assertions in their notice of removal, the Mississippi defendants were not "fraudulently joined," "was insufficient to preserve his objection based on the in-state defendant rule." *Id.* at 548 n. 2.

The plaintiff here is in the same position as the plaintiff in *Denman,* and the *Denman* court's holding applies equally here. Because Lee has "failed to make the proper objection to removal," *id.* at 548, her motion to remand is due to be denied.[11]

---

**10.** 28 U.S.C. § 1441(b) states:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

**11.** The evidence of record shows that plaintiff has no possibility of recovery against the Mississippi defendants anyway and that they therefore have been fraudulently joined to defeat removal, if not diversity. In this regard, defendants have presented uncontroverted evidence that Pineapple Management Services, Inc., a Mississippi corporation, and Pineapple Partners of Jackson FF, LLC, were created in December of 2001, and did not exist on August 21, 2001, the date of plaintiff's accident at the Jackson Fairfield Inn, and thus had no ownership interest in or control over the Fairfield Inn hotel located at 5723 I–55 North, Jackson, Mississippi 39206 at the time of her accident. Plaintiff has suggested no basis upon which these resident defendants named in her complaint could be found liable for any negligence giving rise to her accident when they did not even exist at the time of that accident. It follows that no possibility of re-

Based on the foregoing, it is ordered that plaintiff's motion to remand is denied.

covery exists against the Mississippi defen-   dants.