United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41148
Summary Calendar

LAURA GONZALEZ,

Plaintiff-Appellee,

versus

WEEKS MARINE, INC. AND ATLANTIC SOUNDING CO. INC.,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CV-434
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Laura Gonzalez, sued the defendants in state court under the Jones Act alleging that she was a seaman injured while serving on a vessel. Generally, a proper Jones Act claim is not removable to federal court. Lackey v. Atlantic Richfield Co., 990 F.2d 202, 206-07 (5th Cir. 1993). The defendants removed, alleging fraudulent pleading of the plaintiff's Jones Act status. The plaintiff filed a motion to remand, alleging that the boat on which the plaintiff was working should be classified as a "vessel" under the Jones Act, barring removal. The district court denied the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion. Nearly one year later, the plaintiff filed a motion to reconsider, making the same argument bolstered by intervening Supreme Court case law. The district court reconsidered the motion and granted it, remanding the case to state court.

The defendants raise two objections on appeal. First, they contend that while the initial motion to remand was timely filed, the motion to reconsider was a "second motion to remand" and fell outside the thirty day filing requirement. See 28 U.S.C. § 1447 (c). This objection has no merit. The motion to reconsider alleged the same basis for remand as the initial motion, and does not constitute a "second motion." In addition, the defendants have waived this objection by failing to object below to the timeliness of either the motion to remand or the motion to reconsider. See In Re Digicon Marine, Inc., 966 F.2d 158, 160 (5th Cir. 1992).

The second objection raised by the defendants is that the plaintiff waived her objection to removal by actively participating in the case after removal. See Johnson v. Odeco Oil & Gas Co., 864 F.2d 40 (5th Cir. 1989). However, the Johnson opinion makes clear that this waiver can occur only when the plaintiff "fails to object to the removal" of the action. Id. at 42. Because the plaintiff timely objected here, this argument is unavailing. We therefore AFFIRM.