**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2011

No. 11-40115

Lyle W. Cayce
Clerk

In re:  CRYSTAL POWER COMPANY, LTD.

Petitioner

Petition for Writ of Mandamus to the
United States District Court for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and PRADO, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Crystal Power Company, Ltd. filed this suit in Texas state court in 2002. The case was removed to federal court in 2010 by an intervening plaintiff who became named as the defendant on several cross-claims.  Because the removal statute may only be invoked by a true defendant, not a cross-defendant, we grant the petition for writ of mandamus and instruct the district court to remand the case to state court.

I

Crystal Power, a corporation based in El Salvador, retained attorney Vidal Martinez in June 2002 to pursue litigation against several parties in the United States.  In October 2002, Crystal Power filed this suit against Coastal Salvadoran Power, Ltd. and Coastal Nejapa, Ltd.

No. 11-40115

Shortly after filing the complaint, Martinez moved his practice to the law firm now known as McFall, Breitbell & Smith, P.C. and took this case with him. In April 2003, the McFall firm and Crystal Power signed a new engagement agreement with a contingency fee replacing hourly billing. In February 2004, Martinez left the McFall firm, again taking this case with him. The McFall firm then filed a separate suit against Crystal Power to recover time and resources invested in the case. As part of a mediated settlement, the parties agreed that the McFall firm would retain a 5% interest in any recovery in this case, with further disputes to be resolved through arbitration.

Seeking to protect its interest, the McFall firm petitioned to intervene in this suit in state court. Crystal Power responded with a series of cross-claims against the McFall firm for conspiracy, fraud, malpractice, and breach of fiduciary duty, all resolvable by arbitration pursuant to the prior settlement agreement. The McFall firm filed a notice of removal under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards,[1] which creates original federal jurisdiction over certain international arbitration agreements,[2] including removal of suits filed in state court.[3] Crystal Power moved to remand the case to state court, arguing that an intervening plaintiff is not entitled to removal because the removal provision may only be invoked by "the defendant or defendants."[4] The district court denied the motion. Crystal Power now seeks a writ of mandamus instructing remand.[5]

---

[1] *See* 9 U.S.C. §§ 201 *et seq.*

[2] *Id.* §§ 202–203.

[3] *Id.* § 205.

[4] *Id.*

[5] After initially opposing remand, the McFall firm settled with Crystal Power and filed a notice of non-opposition. The cross-claims against the McFall firm have been dismissed. Because we review subject-matter jurisdiction based on the claims alleged at the time of

No. 11-40115

II

We strictly construe removal statutes because removing an action that was duly filed in state court raises significant federalism concerns.[6]  The burden of demonstrating that removal is proper rests on the party seeking the federal forum.[7]  Although the removal provision in the Convention is broader in certain respects than the general federal removal statute,[8] both the Convention and the general removal statute allow removal to be invoked only by "the defendant or defendants."[9]  Because the Convention's removal provision uses language with a well-established legal meaning, we presume Congress intended these terms to carry the same meaning they have been given under the general removal statute.[10]

---

removal, the dismissal of these claims does not affect our jurisdiction.  *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  Several other parties have filed responses in opposition to the petition.

[6] *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995) (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

[7] *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

[8] Unlike the general removal statute, 28 U.S.C. § 1441, the Convention's removal provision does not incorporate the well-pleaded complaint rule.  *Compare* 9 U.S.C. § 205 ("[T]he ground for removal need not appear on the face of the complaint . . . ."), *with Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908).  It also does not impose the general removal statute's strict time limit on filing a notice of removal.  *Compare* 9 U.S.C. § 205 (permitting removal "at any time before the trial"), *with* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days . . . .").  *See generally Carnigal v. Karteria Shipping, Ltd.*, 108 F. Supp. 2d 651, 653–54 & n.5 (E.D. La. 2000).

[9] 9 U.S.C. § 205; 28 U.S.C. § 1441.

[10] *See First Bank v. DJL Properties, LLC*, 598 F.3d 915, 917 (7th Cir. 2010); *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332–34, 337 (4th Cir. 2008) (en banc); *Progress W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017–18 (9th Cir. 2007).  When seeking to authorize removal by parties other than true defendants, Congress has made use of broader language.  *See, e.g.*, 28 U.S.C. § 1452(a) ("*A party* may remove any claim or cause of action . . . ." (emphasis added)).

No. 11-40115

The district court reasoned that the McFall firm could invoke the Convention's removal provision, despite entering this litigation as an intervening plaintiff, because it had subsequently been named as a defendant in cross-claims filed by Crystal Power. This was incorrect under the Supreme Court's decision in *Shamrock Oil & Gas Corp. v. Sheets*.[11] The plaintiff in *Shamrock* initially filed suit in state court, but later, after the defendant raised a federal-law counter-claim, sought to remove the case to federal court. Like the McFall firm, it argued that it could invoke the federal removal statute despite filing suit as plaintiff because it was also a counter-defendant. The Supreme Court disagreed, holding that a counter-claim does not allow a plaintiff to invoke the right of removal granted to defendants by the federal removal statute.[12]

Although this case involves a cross-claim rather than a counter-claim, the answer is the same.[13] The controlling legal principle from *Shamrock* is that "the plaintiff, having submitted himself to the jurisdiction of the state court, [is] not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction."[14] If the McFall firm wished for a

---

[11] 313 U.S. 100 (1941).

[12] *See generally id.*

[13] *Cf. Progressive W. Ins. Co.*, 479 F.3d at 1017 (referring to "*Shamrock*'s longstanding rule that a plaintiff/cross-defendant cannot remove an action to federal court").

[14] *Id.* 106; *see id.* at 107–08 (reaffirming *West v. Aurora City*, 6 Wall (73 U.S.) 139 (1867)). This principle distinguishes the case of an intervening plaintiff seeking removal based on a cross-claim from removal by a third-party defendant that has not voluntarily submitted itself to state jurisdiction. *Cf. Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980) (permitting removal by a third-party defendant under 28 U.S.C. § 1441(c) (1988)), *superseded on other grounds by* Judicial Improvements Act of 1990, Pub. L. 101-650 (amending § 1441(c) to prohibit removal based on diversity jurisdiction); *Cent. of Ga. Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 938 (5th Cir. 1970) (holding that third-party defendants are defendants within the terms of 28 U.S.C. § 1441). *But see, e.g., Palisades Collections*, 552 F.3d at 332–33 (holding that *Shamrock* prohibits removal by third-party defendants); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461–463 (6th Cir. 2002) (holding that third-party defendants are not defendants for purposes of 28 U.S.C. § 1441(a)); 14B CHARLES ALAN

No. 11-40115

federal forum, it was required to pursue a separate action in federal court. Having chosen to intervene as a plaintiff in state court, the firm forfeited its right to removal.

## III

To obtain a writ of mandamus, the petitioner must establish (1) that there is no other adequate means to obtain the relief it desires, (2) that its right to issuance of the writ is "clear and indisputable," and (3) that, to the court's satisfaction, the writ is appropriate under the circumstances.[15]   All three requirements are satisfied here.

Beginning with the second requirement, we have already explained why the district court erred in refusing remand.  The district court thereby exceeded its limited jurisdiction.  We have stated in the past that "'when the writ of mandamus is sought from an appellate court to confine a trial court to a lawful exercise of its prescribed authority, the court should issue the writ almost as a matter of course.'"[16]

Turning to the first requirement, we are convinced that the writ of mandamus is the only adequate means for Crystal Power to obtain relief.  We have used the mandamus procedure on numerous past occasions to review and

---

WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3722.3 (4th ed. 2008) ("A majority of the considerable number of cases decided by the courts of appeals and the district courts also have concluded that a third-party defendant or cross-claim defendant is not entitled to remove a case using Section 1441(c)."); 16 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.11[1][b][iv] (3d ed. 2000) ("[T]hird-party defendants are not defendants within the meaning of the removal statute . . .").

[15] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (citing *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004)).

[16] *In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987) (alteration omitted) (quoting *United States v. Denson*, 603 F.2d 1143, 1145 (5th Cir. 1979) (en banc)).

correct erroneous rulings on motions to remand.[17]  Appeal is not an adequate remedy because, although it may be possible for the parties to try this case to verdict in federal court before addressing the lack of federal jurisdiction on appeal, this would demand time and resources to an end that cannot be upheld. As we have said in the past under similar circumstances, "[w]e need not enforce such an absurd result and require petitioner[] to go to trial in federal court and await an appellate remedy."[18]

Finally, we think mandamus appropriate under the circumstances of this case.  The district court asserted jurisdiction over numerous claims between Crystal Power and the true defendants based on cross-claims that have little connection to the subject matter of the original complaint.  Those original claims were pending in state court for nearly eight years before they were abruptly removed to federal court as a result of the McFall firm's intervention.  Even if jurisdiction over the cross-claims were proper, the federal court would have had no authority to rule on the substance of those claims after compelling arbitration, and in any event the cross-claims have since been dismissed from the lawsuit.  The remaining claims are properly returned to the state court that has overseen them for much of the past decade.

The petition for writ of mandamus is hereby GRANTED.  The district court is instructed to remand the case to Brazoria County state court for further proceedings.

---

[17] *See In re Dutile*, 935 F.2d 61 (5th Cir. 1991) (granting writ of mandamus where remand was incorrectly denied); *see also, e.g.*, *In re Excel Corp.*, 106 F.3d 1197 (5th Cir. 1997); *In re Allstate Ins. Co.*, 8 F.3d 219 (5th Cir. 1993); *In re Digicon Marine, Inc.*, 966 F.2d 158 (5th Cir. 1992); *In re Shell Oil Co.*, 932 F.2d 1518 (5th Cir. 1991); *In re Allied Signal, Inc.*, 919 F.2d 277 (5th Cir. 1990).

[18] *Dutile*, 935 F.2d at 64.