# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 16, 2011

Lyle W. Cayce
Clerk

No. 11-40115

In re: CRYSTAL POWER COMPANY, LTD.

Petitioner

---

Petitions for Panel Rehearing and Rehearing En Banc
of Order Granting Petition for Writ of Mandamus to the
United States District Court for the Southern District of Texas

---

Before HIGGINBOTHAM, SMITH, and PRADO, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

No member of the panel nor judge in regular active service having requested that the court be polled on rehearing en banc,[1] the petition for rehearing en banc is DENIED. Treating the petition for rehearing en banc as a petition for panel rehearing,[2] the petition for panel rehearing is GRANTED.

We withdraw our prior order[3] and deny the petition for a writ of mandamus directing remand of this removal action to state court. We are now persuaded that the petition does not meet the stringent demands of the All Writs Act for extraordinary relief. Supreme Court precedent does not ordinarily allow

---

[1] *See* FED. R. APP. P. and 5TH CIR. R. 35.

[2] *See* Internal Operating Procedure to 5TH CIR. R. 35.

[3] *In re Crystal Power Co.*, --- F.3d ---, 2011 WL 944371 (5th Cir. Mar. 21, 2011).

No. 11-40115

mandamus review of district court decisions that, while not immediately appealable, can be reviewed at some juncture.[4] The Court has instructed that our review of an erroneous refusal to remand must await appeal from a final judgment, even when this forces the parties to submit to proceedings before a tribunal that lacks competent jurisdiction over their dispute.[5] To the same end,

---

[4] *See, e.g.*, *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 27–28 (1943) ("Ordinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed or to review an appealable decision of record.").

[5] *See Ex parte Roe*, 234 U.S. 70, 71–73 (1914); *Ex parte Harding*, 219 U.S. 363, 368–70, 372–73 (1911); *Ex parte Hoard*, 105 U.S. 578, 579–80 (1881); *see also Ex parte Park Square Auto. Station*, 244 U.S. 412, 412–16 (1917) (mandamus review not available where case was removed to the wrong district court). We are aware that these cases cast a heavy shadow on certain case law of this circuit. *See, e.g.*, *In re Hot-Hed, Inc.*, 477 F.3d 320, 322 (5th Cir. 2007) (granting mandamus where district court's denial of remand was based on clearly erroneous assertion of federal question jurisdiction); *In re Dutile*, 935 F.2d 61, 63–64 (5th Cir. 1991) (granting mandamus where district court denied remand on an explicitly non-removable claim). Adding to the confusion, other circuits have held that when a district court denies a motion to *dismiss* for lack of subject-matter jurisdiction, rather than a motion to *remand*, mandamus relief may be available. *See, e.g.*, *Bell v. Sellevold*, 713 F.2d 1396, 1402–05 (8th Cir. 1983); *First Jersey Sec., Inc. v. Bergen*, 605 F.2d 690, 700–02 (3d Cir. 1979); *United States v. Boe*, 543 F.2d 151, 157–61 (C.C.P.A. 1976); *BancOhio Corp. v. Fox*, 516 F.2d 29, 32–33 (6th Cir. 1975); *Erie Bank v. U.S. Dist. Ct. for the Dist. of Colo.*, 362 F.2d 539, 540–41 (10th Cir. 1966).

We note that the century-old Supreme Court cases prohibiting mandamus review of jurisdictional defects stand in sharp tension with the Court's more recent push to rigorously enforce jurisdictional limits and their "drastic" consequences. *See, e.g.*, *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202–03 (2011) (collecting cases); *Steel Co. v. Citizens for a Better Env't*, 512 U.S. 83, 94 (1998) (rejecting doctrine of "hypothetical jurisdiction" because "it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers"); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 76–77 (1996) ("Despite a federal trial court's threshold denial of a motion to remand, if, at the end of the day and case, a *jurisdictional* defect remains uncured, the judgment must be vacated."); *see also Alligator Co. v. La Chemise Lacoste*, 421 U.S. 937, 938 (1975) (White, J., with Blackmun and Powell, JJ., dissenting from denial of certiorari) (arguing that "jurisdictional questions should be reviewed at the first available opportunity," because "[h]ad that course been followed here, . . . days of trial and a decision on the merits would not have been wasted"); *cf.* Scott Dodson, *The Complexity of Jurisdictional Clarity*, 97 Va. L. Rev. 1, 2–3 (2011). Nevertheless, these cases directly address the issue before us and are therefore controlling. *See Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

2

No. 11-40115

the Court has advised that the ordinary costs of trial and appeal are not a sufficient burden to warrant mandamus relief.[6]

Three questions remain. First, whether a zone of review under the All Writs Act remains for cases where post-judgment review of an interlocutory order is an illusion—where the promise of review at some later time is not meaningful.[7] Second, whether mandamus may remain available when delay would cause greater hardship than the normal cost of trying a case to judgment.[8]

---

[6] *See Roche*, 319 U.S. at 30 ("We may assume . . . that trial may be of several months' duration and may be correspondingly costly and inconvenient. But that inconvenience is one which we must take it Congress contemplated in providing that only final judgments should be reviewable."). In *Park Square*, the Court reasoned that "however grave may be the inconvenience in this particular case . . . . greater inconvenience in many other cases would necessarily come" from allowing interlocutory review by writ of mandamus. 244 U.S. at 416. But the potential for delay or disruption of district court proceedings can be mitigated through strict adherence to the writ's "clear and indisputable error" requirement, *see BancOhio*, 516 F.2d at 33; *cf. In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc) (demanding *clear* abuse of discretion before contemplating mandamus relief), or by promulgating court rules providing for expedited review, *cf.* FED. R. CIV. P. 23(f). The courts of appeals are fully capable of distinguishing cases where extraordinary review is warranted from the many routine cases where mandamus petitions can be summarily denied. *Cf. id.*

[7] *See, e.g.*, *In re Volkswagen*, 545 F.3d at 318–19 (post-judgment review of venue is not meaningful because there ordinarily is no way to prove whether the movant would have fared better in a different venue) (citing *In re Nat'l Presto Indus.*, 347 F.3d 662, 663 (7th Cir. 2003)); *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1297–300 (7th Cir. 1995) (no effective post-judgment review for class certification rulings where size of class would create immense pressure to settle prior to reaching a final judgment), *superseded by* FED. R. CIV. P. 23(f); *First Jersey*, 605 F.2d at 701 (mandamus appropriate because "allow[ing] discovery to proceed . . . burdened NASD sufficiently to effectively halt the action against First Jersey"); *see also In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1021 (5th Cir. 1997) (Jones, J., concurring specially) (mandamus relief warranted in complicated mass-tort action because "the challenged district court order is not *effectively* reviewable on appeal").

[8] *See, e.g.*, *In re Fibreboard Corp.*, 893 F.2d 706 (5th Cir. 1990) (granting mandamus, without waiting for final judgment, to vacate pretrial order consolidating thousands of asbestos cases); *Erie Bank*, 362 F.2d at 540 (granting mandamus because awaiting final judgment would "compel[] petitioner here to expend time and money on discovery, answer interrogatories uselessly and participate in a pre-trial conference that is unnecessary for the proper disposition" of the claim); *see also In re Sch. Asbestos Litig.*, 977 F.2d 764, 778 n.14 (3d Cir. 1992) (stating that "the extraordinary size and complexity of a case may assist in creating the extraordinary circumstances necessary to invoke mandamus," although "they are not alone sufficient"); *cf. Caterpillar*, 519 U.S. at 77 ("To wipe out the adjudication post-judgment . . .

3

No. 11-40115

Third, whether the precedent of this circuit can be defended on these grounds.

Since Crystal Power has not proffered any reason why post-judgment review would be ineffective or why the cost of delay would be atypical,[9] we can leave these questions to another day.[10]   Because controlling Supreme Court precedent dictates that mandamus is not available here, we WITHDRAW our prior order and DENY the petition for a writ of mandamus.

---

would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice.").

[9] We are troubled by the tortured procedural history of this case, which has been pending for nearly a decade with no resolution in sight.  But past delays, without more, do not speak to any *present* hardship Crystal Power now faces if deprived of mandamus review.

[10] We confess puzzlement over why respondents insist on litigating this case in federal court even though, as our previous opinion explained, any judgment issued by the district court will surely be reversed—no matter which side it favors—for lack of federal jurisdiction due to improper removal.  *See In re Crystal Power Co.*, --- F.3d ---, 2011 WL 944371 (5th Cir. Mar. 21, 2011).   In their petition for panel rehearing, respondents challenge our characterization of the McFall firm as an "intervening plaintiff."  Yet there is no dispute that, at the time the McFall firm intervened in state court, it was asserting rights against other parties and had no claims pending against it.  The Supreme Court has been clear that when a party voluntarily enters state-court litigation as a plaintiff, the subsequent filing of a counter-claim or cross-claim against it does not allow that party to invoke the right of removal conferred only on true defendants.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105–08 (1941).  We are not impressed by respondents' attempt to recast a cross-claim, filed five years after the original complaint, as the "mainspring" of this litigation, nor does the fact that intervening in the state-court litigation was in the McFall firm's pecuniary interest allow respondents to claim that its intervention was involuntary.