# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40329
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2018

Lyle W. Cayce
Clerk

MURIEL FIEDLER,

Plaintiff - Appellant

v.

MACE BRINDLEY, Medical Doctor; THE EAR NOSE & THROAT CENTERS
OF TEXAS, P.L.L.C.,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CV-75

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Muriel Fiedler appeals the district court's order remanding this action to
state court. We are without jurisdiction and dismiss the appeal.

Fiedler brought an action against Mace Brindley, MD, and The Ear Nose
& Throat Centers of Texas, P.L.L.C., in Texas state court. After more than a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-40329

year of litigation, Fiedler's lawyer moved to withdraw, and Fiedler continued litigating her case pro se.

Although she was the plaintiff, Fiedler subsequently removed the state court action to the federal district court in the Eastern District of Texas. Three weeks after Fiedler removed, a magistrate judge in the Eastern District issued a report *sua sponte* recommending remand in light of the court's lack of subject matter jurisdiction and 28 U.S.C. § 1447(c). *Fiedler v. Bridely*, No. 4:17CV75-ALM-KPJ, 2017 WL 5668007, at *1 (E.D. Tex. Feb. 22, 2017).[1] The magistrate judge reasoned that because Fiedler, as plaintiff, had "submitted herself to the jurisdiction of the state court," she was "not entitled to avail [herself] of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction." *Id.* (quoting *In re Crystal Power Co.*, 641 F.3d 78, 81 (5th Cir. 2011)).

The district court adopted the recommendations and findings of the magistrate judge and explicitly concluded, "[t]he Magistrate Judge correctly found that there is no subject matter jurisdiction here." *Fiedler v. Brindley*, No. 4:17CV75, 2017 WL 5668008, at *1 (E.D. Tex. Mar. 23, 2017). Explaining that Fiedler submitted herself to the jurisdiction of the state court, the court concluded that she was not entitled to the federal removal statute under 28 U.S.C. § 1441 because she was not a defendant.

Fiedler appealed and requested mandamus relief. Another panel of this court denied mandamus relief, but left to this panel to decide "whether the district court erred in remanding Fiedler's case." *In re Muriel Fiedler*, 17-40359, order den. pet. for writ of mandamus [doc. 21] (5th Cir., Aug. 16, 2017).

Under Supreme Court precedent, if a district court remands a case to state court after concluding it is without subject matter jurisdiction under

---

[1] We note this caption misspelled Brindley's name.

§ 1447(c), appellate "review is unavailable no matter how plain the legal error in ordering the remand." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 642 (2006); *see BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012) ("Any order issued on the grounds authorized by Section 1447(c) is immunized from all forms of appellate review, whether or not that order might be deemed erroneous by an appellate court."); *Sykes v. Tex. Air Corp.*, 834 F.2d 488, 492 (5th Cir. 1987) ("If the court *says* it is remanding for lack of jurisdiction, the decision—even if flagrantly wrong—is completely unreviewable."). Thus, even if the district court wrongly bases a remand upon the grounds of § 1447(c), an appellate court is without jurisdiction to review the district court's order and must dismiss the appeal.

The district court premised its remand upon a lack of subject matter jurisdiction under § 1447(c). We need not determine whether the district court erred when issuing the remand. Instead, we conclude we are without jurisdiction and dismiss this appeal.

DISMISSED.